189 So.2d 661 (1966)
Peter J. CUNNINGHAM, Appellant,
v.
AUSTIN FORD, INC., a Florida Corporation, Appellee.
Peter J. CUNNINGHAM and State Farm Mutual Automobile Insurance Company, an Illinois Corporation, Appellants,
v.
AUSTIN FORD, INC., a Florida Corporation, Harry Moran, and Iowa National Mutual Insurance Company, a Foreign Corporation, Appellees.
Nos. 65-732, 65-733.
District Court of Appeal of Florida. Third District.
July 12, 1966.
Rehearing Denied September 20, 1966.
*662 Walton, Lantaff, Schroeder, Atkins, Carson & Wahl and Herbert Odell, Miami, for Cunningham & State Farm.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and John W. Thornton, Miami, for Austin Ford and Iowa National.
Goodman & Petersen, Miami, for Moran.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
HENDRY, Chief Judge.
Austin Ford, Inc. owned an automobile which was assigned to its salesman, Harry Moran, for use as a demonstrator and for his own personal use. Moran, Peter J. *663 Cunningham and Michael Brenan were in the car when an accident occurred. Cunningham was driving at the time of the accident with Moran's permission; the facts are in conflict as to whether this permission was for social or business reasons. Brenan and Moran were both injured and the car was damaged.
Brenan sued Cunningham and Austin Ford for his injuries. The latter cross-claimed against Cunningham for the damage to the automobile on the alternative theories of bailment or negligence. It also sought indemnification against Cunningham for attorney's fees and expenses to defend against Brenan.
Brenan's claim was settled and all parties joined in a stipulation for dismissal of his complaint with prejudice. Cunningham and Austin Ford then cross-moved for summary judgment with respect to Austin Ford's cross-claim. The court granted a summary final judgment in favor of Austin Ford after ruling in a declaratory decree action that Austin Ford's insurer, Iowa National Mutual Insurance Company, had no coverage as to Cunningham arising out of the accident. The summary final judgment is appealed as case number 732.
State Farm Mutual Automobile Insurance Company was Cunningham's insurer. The policy issued by State Farm to Cunningham meets the minimum liability requirement of the financial responsibility law of Florida. Said policy contained a provision under the heading "other insurance" which provides that "the insurance with respect to a temporary substitute automobile, a trailer, and a non-owned automobile shall be excess over other collectible insurance." State Farm and Cunningham brought suit for a declaratory decree against Iowa National, Austin Ford and Moran to determine whether Cunningham was an insured under the Iowa National policy. The complaint further requested the court to declare that Iowa National is required: (1) to reimburse State Farm for the sum expended by its settlement of the action by Brenan; (2) to defend the action filed by Moran against Cunningham; and, (3) to pay damages sustained by one Julia Sooter as a result of the accident. They also requested the court to determine that State Farm's policy is excess coverage only and that Iowa National has the primary coverage for the accident. The answer of Iowa National and Austin Ford alleged, among other things, that even if Cunningham is an insured, he violated a section of the policy entitled "Assistance and Cooperation of the Insured". The answer also contained a counterclaim for a decree declaring that Cunningham was covered by the State Farm policy and that State Farm is responsible for the defense of any action arising out of the accident. The reply to the counterclaim alleged that the settlement with Brenan was with the knowledge and approval of the counter-claimants. The parties moved for a decree on the pleadings.
The chancellor determined that the Iowa National policy does not provide coverage to Cunningham in the accident under consideration. He denied the motion of State Farm and Cunningham, and granted the motion of Austin Ford and Iowa National on their counterclaim. The decree on the pleadings is appealed as case number 733. This appeal was consolidated for all appellate purposes with the appeal in case number 732.
On the date of the accident, Austin Ford was covered by an insurance policy issued by Iowa National, the pertinent parts of which are as follows:
"Automobile Hazards:
"1. All Automobiles:
(a) The ownership, maintenance, or use of any automobile for the purpose of garage operations, and the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the named insured and used principally in garage operations, and

*664 (b) The ownership, maintenance or use of any automobile owned by the named insured while furnished for the use of (i) the named insured, a partner therein, an executive officer thereof or, if a resident of the same household, the spouse of any of them, or (ii) any other person or organization to whom the named insured furnishes automobiles for their regular use.
* * * * * *
"Persons Insured:
"Each of the following is an insured under Part I, except as provided below: * * *
"(3) With respect to the Automobile Hazard:
(a) any person while using with the permission of the named insured, an automobile to which the insurance applies under paragraph 1 (a) or 2 of the Automobile Hazards, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission,
(b) any person while using an automobile to which the insurance applies under paragraph 1(b) of the Automobile Hazards with the permission of the person or organization to whom such automobile is furnished, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, * * *."
The following is an endorsement to the policy which was in effect at the time of the accident:
"In consideration of the reduced rate of premium made applicable to the insuance under Part I, it is agreed that the policy IS amended as follows:
"Paragraph 3 of `Persons Insured' is amended to read as fallows, and Paragraph 4 and 5 below are added, all subject to exceptions (i), (ii), (iii) and (iv) as set forth in the policy.
"(3) With respect to an automobile to which the insurance applies under paragraph 1(a) of the Automobile Hazards, any of the following persons while using such automobile with the permission of the named insured, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission:
"(a) any employee, director or stockholder of the name insured, any partner therein and any resident of the same household as the named insured, such employee, director, stockholder or partner.
"(b) any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person; provided that with respect to Coverage C such person shall be deemed to be a person for whom insurance is afforded, whether or not there is any other valid and collectible automobile liability insurance.
"(4) With respect to an automobile to which the insurance applies under paragraph 1(b) of the Automobile Hazards, any person while using such automobile with the permission of the person or organization to whom such automobile is furnished, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission;
"(5) Any other person or organization but only with respect to his or its liability because of acts or omissions of the named insured within the Automobile Hazard or of an insured under paragraph (3) or (4) above.

*665 "2. Paragraph 1(a), (b), and (c) of Limits of Liability' under part I is made subject to the following provisions:
"Provided that with respect to a person described as insured under paragraph (3) (b) of Persons Insured and any person or organization legally responsible for the use of the automobile by such person, other than the named insured and or any person or organization described in paragraph (3) (a) of Persons Insured,
"(i) The applicable limit of the company's liability shall be the amount by which (1) the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state in which the automobile is principally garaged exceeds (2) the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured, and
"(ii) the insurance under this policy shall not apply to any loss with respect to which the insured has other valid and collectible insurance unless the total amount of the loss exceeds the sum of the limits of liability of all other policies affording such other insurance and the company shall then be liable, subject to clause (1) foregoing, only for the excess."
The only point on appeal in the declaratory decree action is whether Cunningham was covered by the Iowa National policy.
For the purpose of the motion for a decree on the pleadings, Iowa National and Austin Ford admitted that Cunningham was operating a vehicle owned by Austin Ford with its permission, and that such operation came within the coverage 1(b) of the "Automobile Hazards" heading, above.
Under the original policy, Cunningham would thus have been defined as an insured under (3) (b) of "Persons Insured". However, the endorsement to the policy amended paragraph (3) of "Persons Insured" and added new paragraphs (4) and (5). As amended, paragraphs (3) (a) and (3) (b) apply to paragraph 1(a) of the "Automobile Hazards" and paragraph (4) applies to 1 (b). Following the amendment, the endorsement provides that the policy shall not apply to a person described as insured under (3) (b) of "Persons Insured" if such insured has other valid and collectible insurance, etc., see paragraph 2(ii) of the endorsement above.
Austin Ford and Iowa National claim that paragraph 2(ii) of the endorsement refers to paragraph (3) (b) of the original policy and not as amended by the endorsement. It is claimed that this interpretation would give proper effect to the intent of the drafters of the limitation endorsement. The intent, it is alleged, is to make the protection of the garage liability policy contingent  only if there is no other automobile liability insurance or if the limit of other insurance is lower than the financial responsibility requirement  rather than full as respects the liability of garage customers.
Paragraph 2(ii) of the endorsement would have no application if it were to be construed that it referred back to paragraph (3) (b) under "Persons Insured" of the original policy. That paragraph no longer has any force or effect as originally written. To so apply paragraph 2(ii) would also mean that it has no force or effect.
We have determined that paragraph 2(ii) of the endorsement refers to paragraph (3) (b), as amended under "Persons Insured". This determination does not destroy the alleged intent of the limitations endorsement. Paragraph (3) (b) as amended applies under paragraph 1(a) of the "Automobile Hazards". Paragraph 1 (a) is for the use of any automobile for the purpose of garage operations, etc., which under the proper circumstances would cover the liability of garage customers, and the limitation endorsement effectively applies to said paragraph.
*666 We previously noted that Austin Ford and Iowa National admitted for the purpose of the motion for decree on the pleadings and of this appeal that Cunningham was operating a vehicle owned by Austin Ford with its permission, and that such operation came within coverage 1 (b) of the "Automobile Hazards". From this we have determined that Cunningham is an insured under paragraph (4) of "Persons Insured" of the endorsement to the Iowa National policy. As such, the limited coverage in the endorsement does not apply. We have further determined that by reason of the excess coverage provision in State Farm's policy, its coverage of Cunningham does not arise until the limits of the collectible insurance under Iowa National's policy have been exceeded.
Therefore, we have concluded that Iowa National is required to defend the action filed by Moran and to pay all damages which Cunningham shall become legally obligated to pay as a result of such suit. Further, that Iowa National is required to pay the damages sustained by Julia Sooter as a result of the accident, which Cunningham is legally obligated to pay.
Iowa National in its answer admitted that demand was made upon it to defend Cunningham in the action by Brenan but that it refused to do so. It is generally held that if an insurer without right refuses to defend, the insured is entitled to make a reasonable settlement and is not required to allow suit to be carried to judgment, even though the policy purports to avoid liability for a settlement made without insurer's consent.[1]
Having concluded that Iowa National was without right in refusing to defend the suit by Brenan, State Farm is entitled to recover the amount of a reasonable settlement with Brenan and reasonable attorney's fees and costs in the defense and settlement. If the limits of the collectible insurance under Iowa National's policy is exceeded in any instance listed above, then coverage shall be afforded to Cunningham under the policy issued by State Farm. We note here that the court was not requested to determine whether Iowa National would be required to pay damages to property which was in the custody of Cunningham at the time of the accident.
The parties to this appeal have indicated that if the declaratory decree is reversed the summary judgment on the cross-claim for damages to Austin Ford's vehicle must also be reversed. The rationale for this is that Iowa National has already paid for the damages to the vehicle and is the real party in interest. Thus, if Cunningham is its insured it could not maintain an action against him.
However, as was noted above, the declaratory decree suit was not concerned with the question of coverage by Iowa National to Cunningham for damages to property which was in his custody at the time of the accident.
We have concluded that the trial judge was correct in determining that as a matter of law Austin Ford was entitled to a final summary judgment.
Accordingly, the judgment appealed in case number 65-732 is affirmed. The decree appealed in case number 65-733 is reversed and remanded with directions to enter a decree not inconsistent with this opinion.
Case number 732 is affirmed; case number 733, reversed and remanded.
NOTES
[1] Berke Moore Co. v. Lumbermens Mutual Casualty Co., 845 Mass. 66, 185 N.E.2d 637 (1962); 7 Appleman, Insurance Law and Practice, § 4690 (1962, Supp. 1966).