267 So.2d 92 (1972)
PHOENIX ASSURANCE COMPANY OF NEW YORK, Appellant,
v.
HENDRY CORPORATION, Appellee.
No. 71-700.
District Court of Appeal of Florida, Second District.
September 27, 1972.
Dewey R. Villareal, Jr., of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for appellant.
John W. Frost, II, of Holland & Knight, Bartow, for appellee.
HOBSON, Judge.
Appellant, Phoenix, appeals a summary final judgment entered against it in favor of appellee, Hendry, and assigns as error the holding of the trial court that as a matter of law it was precluded under the facts from denying coverage.
Hendry was insured by Phoenix under a ship repairer's legal liability policy. A provision of the policy provided that the insurance did not cover any liability "in respect of loss or damage unless discovered prior to or within sixty (60) days of the delivery to Owners or within sixty (60) days after work is completed, whichever may first occur."
In early November 1969, Nickerson Marine & Towing Company (hereinafter *93 called Nickerson) made a claim against Hendry for alleged improper repairs done by Hendry to one of their vessels in April 1968. Upon receiving the claim, Hendry immediately notified Phoenix.
On November 14, 1969, Nickerson filed suit against Hendry to recover damages for the alleged improper repairs and Hendry immediately notified Phoenix of the suit.
Phoenix undertook the defense of the action without any notice to Hendry whatsoever that it was denying coverage under the policy or reserving the right to disclaim coverage. Phoenix completely controlled the defense of the suit from its inception until October 28, 1970, when, for the first time, it denied coverage under the policy and withdrew from the lawsuit. Phoenix denied coverage under the exclusion, quoted above.
From the facts pleaded in the complaint filed by Nickerson against Hendry, Phoenix was aware shortly after November 14, 1969 that the damage claimed by Nickerson was not reported until some eighteen (18) months after the repairs were made by Hendry.
Upon recommendation of Phoenix at the time it denied liability and withdrew from the suit, Hendry, in order to conclude the matter, retained the same law firm used by Phoenix.
Thereafter Hendry settled with Nickerson and brought the present action against Phoenix. In this suit Hendry asserts that Phoenix, with knowledge of an alleged ground of forfeiture or non-coverage under the policy, assumed and conducted the defense of the Nickerson suit without disclaiming liability or giving notice of its reservation of rights and therefore Phoenix is precluded from asserting such ground of forfeiture or non-coverage as a defense.
The trial court held that under these facts Hendry was entitled to a judgment as a matter of law on the issue of liability.
Hendry relies on two cases, United States Fidelity & Guaranty v. Snite, 1932, 106 Fla. 702, 143 So. 615, and United States Casualty Co. v. Godwin, 1946, 158 Fla. 64, 27 So.2d 612, as the controlling law that supports its contention that when no disclaimer of liability or notice of reservation of rights to disclaim liability is given, the mere assumption of the defense of the suit estops Phoenix from denying its obligation in relation to the hazard presented by the Nickerson suit.
In Snite the insurance company contended that the automobile covered by its policy was not established to be the automobile involved in the accident and therefore it had no liability under the policy. It is true that the court stated "* * * the record shows that the surety company recognized its liability on this policy by defending the suit for damages for the injury alleged to have been occasioned by the collision with the automobile * * *". However, the case turned on the fact that the court found the evidence sufficient to identify the automobile as the one covered by the policy, and thus would render the company liable in any event.
In Godwin the court by way of dicta without citation of any authority stated the following on page 614:
"It has often been held concerning a contract to indemnify against certain hazards that when the promisor pursuant to its agreement undertakes to defend the promisee in a suit against the promisee relating to the subject matter of indemnity, that thereafter the indemnifying promisor is estopped to deny its obligation in relation to the hazard presented by the suit."
A careful reading of the Godwin case discloses that the court held the evidence adduced to establish estoppel against the insurance company was not sufficient to justify directing a verdict against it.
In studying both the Snite and Godwin cases, it is apparent that they do not hold that the mere defending of a suit by an insurance *94 company without disclaiming liability or giving notice of reserving rights to disclaim precludes the company from asserting as a defense a forfeiture or non-coverage under its policy.
After analyzing the numerous cases on the subject, we feel the proper rule to be that the party claiming an estoppel because of a delay in disclaiming liability must show that its rights were prejudiced thereby.
In the instant case there is no evidence whatsoever in the record to establish that Hendry was prejudiced by the delayed disclaimer of Phoneix. We cannot say that Phoenix' delay of eighteen (18) months prior to disclaiming liability, even with the knowledge of facts during that time upon which it based its disclaimer, is sufficient alone to establish prejudice as a matter of law against Hendry so as to estop Phoenix from disclaiming liability.
Phoenix further contends that it is not liable to Hendry for Nickerson's claim on the ground that the policy provides that no liability shall attach under the policy until the liability of Hendry has been determined by final judgment or by agreement between Hendry and Nickerson with the written consent of Phoenix.
This contention was answered in Cunningham v. Austin Ford, Inc., Fla.App. 1966, 189 So.2d 661, wherein the court stated on page 666:
"* * * It is generally held that if an insurer without right refuses to defend, the insured is entitled to make a reasonable settlement and is not required to allow suit to be carried to judgment, even though the policy purports to avoid liability for a settlement made without insurer's consent."
For the foregoing reasons the summary final judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.
PIERCE, C.J., and MANN, J., concur.