BOYER, Chief Judge.
We here review a summary judgment entered in favor of appellee, Safeco Insurance Company, one of the defendants in the trial court.
Appellant (plaintiff in the trial court) brought a wrongful death action in her capacity as personal representative of the decedent who was killed in an automobile accident in Jacksonville while riding as a passenger in a vehicle owned by the decedent’s employer (Henry) and driven with the decedent’s permission by decedent’s brother. The second amended complaint alleged negligence against the owner, a third party (Karasik), the driver, and ap-pellee as the insurer of the Henry-owned vehicle. A summary judgment was entered in favor of the third party and the owner of the vehicle. That summary judgment is not here contested. Appellee thereafter moved for summary judgment in its behalf, contending that its insurance contract extended coverage to the owner and the owner’s permittee (the decedent) but not to the permittee of the permittee (the driver of the vehicle, one Earl Taylor).
The basic issue to be ultimately resolved in this case is whether the policy of liability insurance issued by appellee, insuring the vehicle owner as “named insured” affords coverage to a driver who had no permission from the owner to drive the insured vehicle but who did have permission of the owner’s permittee.[1]
In the policy, Robert Lee Henry, Jr. is designated as the named insured. The' in *646 surer agrees “to pay on behalf of. the insured all sums which the insured shall become legally obligated to pay as damages because of * * * bodily injury, sickness or disease, including death resulting therefrom * * * sustained by any person * * * arising out of the ownership, maintenance or use of the owned automobile * * * ”. The persons insured are defined to be:
“(1) the named insured and any resident of the same household,
(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above”
In an affidavit filed in support of appel-lee’s motion for summary judgment, Mr. ■Henry alleges that his permittee and employee, the decedent, was permitted to use the subject vehicle for a limited use only, to drive to and from work. He further alleged that “this was all the van was to be used for”. He alleges that upon discovering that Taylor had permitted his wife to use the vehicle Taylor was reprimanded and reinstructed that the vehicle “was to be used only for his, William Taylor’s, transportation to and from work.” The plaintiff filed a counter affidavit denying that there was any restriction on the use of the vehicle, specifically alleging that Mr. Henry was aware that she drove the vehicle and that he permitted her and her deceased husband “to take it home for our own personal use on the weekend” during which the fatal accident occurred.
The answer filed by appellee in the trial court alleges specific acts of negligence on the part of the decedent (the owner’s, per-mittee) as well as the driver (the permit-tee’s permittee). Those allegations have not been resolved. Assuming them to be true, and assuming that there was no restriction placed upon the use or operation of the vehicle by the owner (as plaintiff’s affidavit alleges) then clearly the owner, his permittee, and the permittee’s permittee were “persons insured” within the provision of the policy above quoted. Upon that assumed factual basis entry of summary judgment for appellee would be clearly erroneous.[2] On the other hand, if the summary judgment was entered on the theory that liability may not be imposed upon an owner and his insurance carrier when the owner’s permittee, contrary to instructions and limitations placed upon use or operation of the vehicle by the owner, permits it to be operated by another, such would be contrary to the assertions of the plaintiff in her affidavit.[3] It is axiomatic that conflicting material evidence may not be resolved by summary judgment.[4]
We therefore do not here reach the issue as urged by appellee, viz: whether use and operation of a vehicle by a second permit-tee, contrary to instructions and restric *647 tions placed upon the use of the vehicle by the owner, named insured, absolves the owner’s liability insurance carrier from liability. Clearly, as above stated, if there was no restriction on the use of the vehicle by the owner’s permittee, under the facts recited herein, coverage would be afforded by the policy. Whether or not there was any such restrictions 'in this case is a disputed issue which may not be resolved by summary judgment. It follows therefore that under either situation entry of the summary judgment here appealed was improper.
Reversed.
McCORD and MILLS, JJ., concur.

. The parties have made no issue of the established fact that it was the owner’s bailee or permittee who was injured (killed) rather than a stranger or member of the general public. Please see Toner v. G & C Ford Company, Fla.App.1st 1971, 249 So.2d 703 and Ray v. Earl, Fla.App.2nd 1973, 277 So.2d 73.

. Neither of the parties have raised, argued nor briefed the proposition of whether, since the dangerous instrumentality doctrine places vicarious liability upon an owner, a permittee or a permittee of a permittee may be held liable notwithstanding that an unappealed summary judgment has been entered absolving the owner of liability. Since the point has not been raised, we do not address it.

. It is perhaps pertinent to note that appellee in its brief asserts that “The true point is: Does the owner’s policy of automobile liability insurance cover the negligence of a second permittee where the first permittee has possession of the vehicle for a limited purpose and the second permittee was not using the automobile within the permission of the named insured and his actual operation was. not within the scope of any permission granted by the named insured?”

.Connell v. Sledge, Fla.App.1st 1975, 306 So.2d 194 and Graff v. McNeil, Fla.App.1st 1975, 322 So.2d 40.