361 So.2d 743 (1978)
Joanne C. TAYLOR, Appellant,
v.
SAFECO INSURANCE COMPANY, Appellee.
Joanne C. TAYLOR, Etc., Appellant,
v.
Earl TAYLOR and Safeco Insurance Company, a Corporation, Appellees.
Nos. EE-223, EE-225.
District Court of Appeal of Florida, First District.
June 8, 1978.
As Corrected On Denial of Rehearing August 31, 1978.
As Corrected September 13, 1978.
*744 David R. Lewis of Lewis, Paul, Isaac & Castillo, P.A., Jacksonville, for appellant.
William M. Howell of Howell, Howell, Liles & Braddock, Jacksonville, for appellees.
SMITH, Judge.
These appeals concern an automobile liability insurer's responsibility for a money judgment in a wrongful death action which was entered against its insured, with his consent, as a result of settlement negotiations which he personally conducted. The insured had no counsel because, shortly before trial on the main claim, the insurer withdrew the defense it initially provided the insured with coverage questions reserved. As the trial began the insurer retendered a defense, again seeking to reserve the right to contest coverage, but the insured refused the conditional defense. Lawyerless, the insured then consented to a substantial judgment. The claimant demanded payment from the insurer, both as third party beneficiary of the insurance contract and as holder of a written assignment of rights from the insured, who has not satisfied the judgment. The trial court discharged the insurer by summary judgment, holding as a matter of law that the insured defaulted in his policy obligations and discharged the insurer's obligations when he agreed to the judgment without the insurer's consent. The claimant appeals.
Earl Taylor, with his brother William as a passenger, drove Robert Henry's automobile into a collison that killed William. Appellant, the widow, sued Earl for William's wrongful death and joined appellee Safeco, the owner's liability insurer to the extent of $50,000. Safeco assumed Earl's defense, reserving with his consent the right to contest the issue of whether Earl was an insured for whose negligence Safeco was responsible. In its own behalf Safeco pleaded that defense to the widow's claim. The trial court sustained Safeco's defense by summary judgment on April 16, 1974, holding that Safeco did not insure Earl's liability because he did not drive the automobile with the owner's consent, but only with the consent of the owner's permittee, who incidentally was brother William. Thus prevailing on the coverage issue, Safeco gave Earl notice that it was withdrawing from his defense. On May 9, 1974, the trial court entered an order permitting John Sulik, Esquire, who had been defending Earl at Safeco's expense, to withdraw as Earl's counsel.
The widow's case against lawyerless Earl was set for trial beginning June 13, 1974. On June 10, the widow timely appealed from the summary judgment dismissing Safeco as a party defendant. On receiving notice of claimant's appeal, Safeco moved  with what standing does not appear  to continue the scheduled trial. That motion was denied. On the day of trial, lawyer Sulik appeared for Safeco during examination of the venire and retendered his services to Earl, but subject as before to Safeco's right to contest coverage. Earl rejected the offer and said further that he would not accept Safeco's defense unless Safeco agreed to pay the entire amount of any judgment. Without counsel, Earl then negotiated with his sister-in-law and her counsel and offered to submit to a $1,000,000 judgment. The widow's lawyer haggled Earl down to $730,000. A consent verdict and judgment in that amount were entered against Earl. Eighteen months later, this court reversed Safeco's summary judgment and remanded the coverage issue for trial. Taylor v. Safeco Ins. Co., 324 So.2d 645 (Fla. 1st DCA 1976). The widow as assignee of the unsatisfied judgment filed a separate action against Safeco. Safeco pleaded in the consolidated cases that it was released from any coverage by Earl's action in declining *745 Safeco's retendered defense and settling the widow's claim. On that issue the trial court entered the appealed summary judgments for Safeco.
The coverage issue never having been tried, we assume that Earl Taylor was an insured within the meaning of the policy. Our inquiry is whether he forfeited that insurance by violating the insured's duties under policy clauses providing:

Assistance and Cooperation of the Insured-Liability and Physical Damage Sections: The insured shall cooperate with SAFECO and, upon SAFECO's request, assist ... in the conduct of suits... . [T]he insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.
.....

Action against SAFECO ... No action shall lie against SAFECO until after full compliance with all the terms of this policy nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and SAFECO.
At the outset of this litigation Safeco was willing to afford Earl Taylor a defense because of the possibility that Earl might later be held to have been one insured by the policy and for whom it required a defense. But Safeco wished to avoid any implication that it acquiesced in the assertion, made by the claimant and by Earl, that Safeco would be liable to pay any resulting judgment. To avoid any claim of estoppel, Phoenix Assur. Co. of New York v. Hendry Corp., 267 So.2d 92 (Fla. 2d DCA 1972), Safeco notified Earl that it undertook his defense reserving its claim of nonliability for any judgment. Safeco was entitled to take that position, for the law distinguishes between the insurer's duties to defend and to pay, Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1976), and does not forbid agreement between insurer and a putative insured which resolves the urgent question of who shall defend and postpones resolution of the contingent question of who shall pay any judgment.
Similarly, Earl Taylor was not obliged to surrender control of his personal defense to an insurer which disclaimed responsibility for any judgment within policy limits that might result from the litigation. Without affecting the question of Safeco's liability to pay any judgment within policy limits, Earl was privileged at the outset to deny Safeco control of his defense which is exemplified by Safeco's selection and payment of a lawyer to represent Earl. Just as the insurer is not required to abandon its contest of a duty to pay as a condition of fulfilling an assumed or admitted duty to defend, the insured is not required to abandon control of his own defense as the price of preserving his claim, disputed by the insurer, that the insurer pay any judgment. The law respects, but does not require, such agreements. See, e.g., Bergh v. Canadian Universal Ins. Co., 197 So.2d 847, 849-50 (Fla. 1st DCA 1967); Butters v. City of Independence, 513 S.W.2d 418, 425 (Mo. 1974). The agreement between Earl and Safeco thus allayed the latent conflict until the circuit court by summary judgment determined, in April 1974, that Earl was not insured and that Safeco would have no responsibility for any judgment against him. When Safeco's nonliability as Earl's insurer was judicially determined, any duty it had to defend Earl terminated. Therefore, although Safeco was justified in withdrawing from Earl's defense simultaneously with Safeco's final dismissal from the action, the claimant's notice of appeal put Safeco on notice that its potential liability might yet be restored. Again Safeco offered to defend Earl, but again without prejudice to its right to contest responsibility to pay. This time, Earl refused the offer and undertook to conduct his own defense at trial.
At this juncture, Safeco had not wrongfully denied Earl a defense, but had stood ready to defend Earl at every moment when a possibility remained that Earl *746 was in law an insured to whom Safeco owed a defense. Nor had Earl at this point taken any action inconsistent with his claim that he was an insured for whom Safeco should pay a judgment within policy limits. Specifically, Earl had not then violated an insured's duty "to cooperate," for that duty did not require surrendering control of his defense to an insurer which, though willing to defend, still disclaimed responsibility for any resulting judgment within policy limits. This proposition is the exact and equally true converse of that stated in Three Sons, Inc. v. Phoenix Ins. Co., 357 Mass. 271, 277, 257 N.E.2d 774, 777 (1970):
[T]he defendant [insurer] had a duty to defend the plaintiff ... without a reservation of rights or claim of nonwaiver, so long as it insisted on retaining control of the defense.
The circumstances of this case vividly illustrate the tensions that afflict agreements between insurer and putative insured that the insurer shall provide a defense without conceding liability for any judgment. The central issue in this case, Earl Taylor's liability for his brother's death, was discomfiting in itself. A vigorous defense of Earl required averments, and would have required proof, that both Earl and his brother were intoxicated; that his brother was at fault for riding with Earl; that his brother requested Earl to drive and knew that the brakes were defective; and that his brother had a duty to protest Earl's driving but did not.
Earl's understanding of the necessity for the position Safeco sought to take in Earl's defense required the most sensitive handling by Safeco's assigned lawyer. A relationship of confidence was essential. Given Safeco's legitimate reservation of its denial of ultimate liability, the law does not and did not compel Earl to accept, nor to restore, such a relationship. Earl was therefore free to provide his own defense without affecting any liability Safeco might ultimately have for the judgment. Earl was entitled also to effect a settlement of the widow's claim against him, and that notwithstanding Safeco's policy which for-bad the insured to "assume any obligation" without Safeco's consent and which conditioned Safeco's liability on "a judgment against the insured after actual trial or by written agreement of the insured, claimant and SAFECO." Safeco's reservation of its assertion of nonliability, though privileged, relinquished to Earl, at his election, control of the litigation.
We are aware that many authorities speak of the insured's privilege to effect a reasonable settlement, payable by the insurer upon a finding that insurance existed, as arising upon the insurer's unjustified refusal to defend. Michigan Mut. Liab. Co. v. Mattox, 173 So.2d 754, 758 (Fla. 1st DCA 1965); Cunningham v. Austin Ford, Inc., 189 So.2d 661, 666 (Fla. 3d DCA 1966); Phoenix Assur. Co. of New York v. Hendry Corp., 267 So.2d 92, 94 (Fla. 2d DCA 1972); 7A Appleman, Insurance Law and Practice § 4690 (1962, Supp. 1974); Annot., 49 A.L.R.2d 694, 743 et seq. (1956). For the reasons stated above, we conceive that the insurer's potential obligation to pay also subsists when, as a result of the parties' failure to agree upon a conditional defense, the putative insured chooses to control the litigation and to effect a reasonable settlement.
This is not to say that Safeco is liable to the claimant or to Earl Taylor for all or part of the $730,000 settlement. Factual issues remain for determination by the trial court. The threshold issue remains whether Earl was an insured. If that should be established, there remains an issue of whether Earl settled with his sister-in-law in bad faith, fraudulently, collusively, or without any effort to minimize his liability. In those circumstances Safeco would have no liability to pay any part of the insured's settlement, even if Safeco had absolutely and wrongfully refused to defend. Coblentz v. American Surety Co. of New York, 416 F.2d 1059 (5th Cir.1969); Georgia So. & Florida Ry. Co. v. United States Cas. Co., 97 Ga. App. 242, 102 S.E.2d 500 (1958); Fidelity & Cas. Co. of New York v. Galt, 196 F.2d 329 (5th Cir.1952); Lawrence v. Burke, 6 Ariz. App. 228, 431 P.2d 302 *747 (Ariz. 1967). The record affirmatively shows, and the summary judgment may be taken as having properly established, that Safeco did not violate any duty to defend Earl. Therefore, if Earl should prevail on all other factual issues, the amount of Safeco's liability will be limited to the amount of a reasonable settlement up to a maximum of the policy limits.
The claimant widow necessarily occupies Earl's position on these issues. Both as beneficiary of Safeco's policy and as assignee of Earl's right of action against Safeco, the claimant widow can in these circumstances have no greater right against Safeco than Earl himself would have. Their interests in justifying the settlement are and were the same. Contrast Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138 (1937).
The summary judgment for Safeco, though correct in its determination that Safeco did not refuse to defend or otherwise violate any duty to Earl Taylor, improperly foreclosed other factual issues pertinent to the determination of Safeco's liability. The judgment is therefore AFFIRMED in part and REVERSED in part and the case REMANDED for further proceedings.
McCORD, C.J., and MELVIN J., concur.