**INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, Petitioner,**

v.

**Linda G. SPANGLER, as Personal Representative for and Administratrix of the Estate of William H. Spangler deceased, Respondent.**

No. 89–CV–1001–J.

United States District Court, D. Wyoming.

March 6, 1995.

Lawrence B. Cozzens, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, MT, for Estate of William H. Spangler, Jr.

Jeffrey C. Brinkerhoff, Brown & Drew, Casper, WY, for Insurance Co. of North America.

J. John Sampson, Sher County Judge, Sheridan, WY, for Richard A. Nelson, Neland Inc.

### DECISION ON MOTION FOR SUMMARY JUDGMENT

ALAN B. JOHNSON, Chief Judge.

This matter is before the court on Petitioner's Motion for Summary Judgment and Respondent's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment and Motion in Limine.

The court having considered the Motions, the Memoranda in Support and in Opposition to the Motions, the papers and pleadings filed herein, having heard argument of counsel, and upon its own review of the applicable authorities will deny Petitioner's Motion for Summary Judgment and will grant, in part, and deny, in part, Respondent's Motion for Summary Judgment. The Court will also deny, without prejudice, Respondent's Motion in Limine.

### INTRODUCTION

Petitioner, Insurance Company of North America ("INA"), seeks summary judgment in this declaratory judgment action, contending a stipulated judgment of liability is unenforceable against it because the insured entered into the agreement without consent or notice to INA on the eve of jury trial in the wrongful death action petitioner was defending under a reservation of rights. Respondent seeks summary judgment contending that the stipulated judgment it negotiated with the insured is fully enforceable.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 1986, William H. Spangler and Roy Conzelman had an altercation immediately outside Fort Devil's Tower Bar, at Fort Devil's Tower, Wyoming. Although Mr. Spangler was taken from the scene of the fight, he died later that night as a result of fight-related injuries. Mr. Conzelman and Mr. Spangler were both patrons of the bar and had consumed alcoholic beverages served at the bar before the fight broke out. The bar was owned and operated by Richard Nelson.

INA provided property and casualty insurance to Mr. Nelson. The policy provides coverage of $500,000 for liability for bodily injury, personal injury and property damage, but excludes coverage for "claims for harm for which [the insured] ... may be held liable as a result of engaging in the business of ... selling or serving alcoholic beverages." Petitioner's Ex. C, at 1.

On February 22, 1988, Mrs. Spangler filed a wrongful death action in this court against Mr. Nelson and Mr. Conzelman. INA provided a defense by retaining an attorney to represent the insured. However, on March 23, 1989, INA notified Mr. Nelson that it was reserving its rights regarding the claim for punitive damages and, pursuant to the policy's liquor liability exclusion, for the allegation that "Richard A. Nelson, negligently breached his duty of care ... by allowing a person of known violent propensity to enter Ft. Devil's Tower Bar, purchase alcohol, and remain on the premises...."

On January 5, 1989, INA filed this declaratory judgment action seeking a determination that the policy did not cover the claims in the wrongful death action. Mr. Nelson's potential liability in the wrongful death case exceeded the policy limits so he hired his own lawyer to represent his interests in this action and in the wrongful death action. This action was stayed pending resolution of the wrongful death case.

On November 13, 1989, defense counsel hired by INA to defend the wrongful death action filed a $60,000 Offer of Judgment. This offer was rejected. The wrongful death claimants then renewed their earlier $300,000 offer of settlement and imposed a December 1, 1989 deadline for acceptance.

Trial in the wrongful death case was to begin on Monday, December 4, 1989. On the afternoon of Thursday, November 30, 1989, Mrs. Spangler's attorney contacted Mr. Nelson's personal attorney with a settlement offer. Mr. Nelson's attorney conveyed the settlement offer to him by telephone but suggested that due to a conflict, Mr. Nelson retain a different attorney to advise him on the settlement. Mr. Nelson was assisting the defense attorney provided by INA prepare for trial when he received this phone call. Mr. Nelson immediately contacted another attorney by telephone who agreed to represent him. They discussed the offer and the new attorney then called Mrs. Spangler's attorney with a favorable response.

The parties dispute when the settlement was final. The attorney provided by INA believed a settlement had been reached the afternoon of the 30th. As a result, he stopped trial preparation.

On November 30, 1989, Mrs. Spangler's attorney faxed the following letter to INA, where it was received after 4:00 p.m.:

> Please be advised that we have reached an agreement with Richard Nelson in the [wrongful death case]. Pursuant to this agreement, Mr. Nelson has agreed to allow a consent judgment to be entered against him in the amount of $450,000. As part of this agreement, Mr. Nelson will assign to Linda Spangler all rights that he has under his insurance policy with INA. In return, Linda Spangler will agree not to execute against Mr. Nelson personally. This agreement will become final at 12:00 p.m. on December 1, 1989, unless a settlement with INA is reached before that time.

Petitioner's Ex. H.

Although INA alleges the settlement was final before it received the letter, its representatives did discuss that INA would have to withdraw its reservation of rights by noon on December 1, if it wanted to prevent the settlement. In the afternoon of December 1, 1989, INA faxed a letter to Mr. Nelson's

counsel, asserting that the November 30, 1989 faxed letter was its first notice of negotiations between the insured and the claimant and that INA was not afforded adequate time to formulate a response to the settlement demand. Petitioner's Ex. I.

Based upon the Nelson/Spangler Stipulation, judgment of $450,000 was entered against Richard A. Nelson in the wrongful death case. As a result, INA amended the pleadings in this action to bring in Mrs. Spangler as a party and amended the complaint to seek a declaration that it is not obligated to pay any portion of the stipulated judgment.

## ISSUES ON MOTIONS FOR SUMMARY JUDGMENT

INA seeks summary judgment on the following grounds:

1. Where the settlement was unauthorized and where, due to the covenant not to execute, the settlement imposes no liability on the insured, there is no coverage;

2. The insured breached the policy's "duty to cooperate" provision by entering into a unauthorized settlement with Mrs. Spangler and therefore INA is relieved of any obligation to pay the resulting judgment against Mr. Nelson. A corollary of this contention is that entering into the settlement agreement with Mrs. Spangler constituted bad faith by Mr. Nelson which relieves INA of any obligation to pay the judgment against Mr. Nelson;

3. If the insured's settlement did not violate his "duty to cooperate," the insured failed to give the insurer adequate and timely notice of the settlement as required by the case law;

4. Settling the wrongful death claims for $450,000.00 was an unreasonable settlement and therefore INA has no obligation to pay any portion of that settlement; and

5. The liquor liability exclusion of the Policy excludes coverage for any of the claims asserted by Mrs. Spangler against Mr. Nelson, and therefore INA has no obligation to pay any portion of the judgment.

Respondent answered the amended complaint of INA and served a counterclaim alleging breach of contract, third-party bad faith, fraud, and declaratory judgment as to the proper interpretation of Wyoming's comparative negligence statute.

Respondent seeks summary judgment on the following grounds.

A. The claims asserted by Mrs. Spangler against Mr. Nelson were covered by INA's insurance policy.

B. Mrs. Spangler is entitled to summary judgment on INA's breach of cooperation clause and bad faith claims.

C. The insured fully complied with any requirement for notice of the settlement of INA.

D. Even if there is a factual question of the sufficiency of the notice to INA, as a matter of law INA cannot rely on a lack of notice.

E. Mrs. Spangler is entitled to summary judgment on INA's fraud claim.

F. The settlement reached by Mr. Nelson was reasonable as a matter of law.

The issues have been extensively briefed by the parties and the court has carefully reviewed the memoranda, exhibits and testimony that has been tendered to it.

## STANDARD FOR SUMMARY JUDGMENT

This court will grant summary judgment where, viewing the record in the light most favorable to the party opposing summary judgment, it shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "A 'material' fact is one 'that might effect the outcome of the suit under the governing law.'" *Farthing v. City of Shawnee*, 39 F.3d 1131 (10th Cir.1994) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). And "a 'genuine' issue is one where 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* The court views the evidence in the light most favorable to the nonmoving party. *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024

(10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). "The moving party bears the initial burden of showing that there is an absence of any issues of material fact. If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case. To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings." *Shapolia v. Los Alamos National Laboratory,* 992 F.2d 1033, 1036 (10th Cir.1993) (internal quotations omitted).

The mere fact that both parties have filed motions for summary judgment does not constitute proper grounds for a decision that no genuine issues of material fact exists, but "the court must rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." 10A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 2720, at 23 (1983).

### DISCUSSION

For convenience, the court will first address Petitioner's issues for summary judgment. Resolution of Petitioner's issues generally, but not always, resolves the corresponding issue raised by Respondent's Motion for Summary Judgment. Therefore, the court will separately address only those of Respondent's issues that are not earlier resolved.

**A. Is the assignee of the insured barred from recovery from the insurer for a stipulated liability to which the insurer did not consent and the insured is not personally liable?**

INA asserts that the settlement is not binding upon it because the settlement was negotiated and entered into without the approval or consent of INA. The policy provides:

"We will pay the person or organization who wins a suit against any insured, or who signs a settlement with the insured *and with us.* That person or organization is not entitled to sue us *until a court enters a judgment setting the amount of the insured's liability* or until such a settlement agreement has been signed."

(emphasis added).

Although the Stipulated Judgment was entered, liability has not been determined by a contested proceeding which was decided on the merits against the insured and INA did not sign the compromise and settlement agreement between its insured and Mrs. Spangler. Under the express terms of the policy no one is entitled to sue INA until either liability is established by suit or settlement signed by the insurer has occurred. This is consistent with the policy provision which limits coverage to "claims for bodily injury, personal injury, or property damages for which [the insured] [is] legally responsible."

Also, INA looks to the "No Action Clause" of the insurance policy as barring recovery by the assignee of the insured under the compromise and settlement. The No Action Clause provides:

You may not bring any suit or legal action against us to recover a claim unless the terms of this policy have been complied with. Nor can suit be brought against us until the amount of a claim against you has been finally settled.

Petitioner contends that there has been no judgment establishing the extent of the insured's liability because the insured is not liable under the terms of the settlement and the settlement agreement has not been signed by the insurer, all as required by the express terms of the insurance contract. Petitioner contends that the failure to comply with these conditions to recovery causes the policy to be void.

Petitioner contends that unless the insured can bring himself within the terms and conditions of the policy by establishing his legal responsibility, he did not have any right to assign to Spangler. *See Freeman v. Schmidt Real Estate & Insurance, Inc.,* 755 F.2d 135, 139 (8th Cir.1985) (Iowa law).

Respondent urges this court to adopt the rationale of those cases allowing enforceabili-

ty against an insurer of an insured's consent judgment for which the insured is not personally liable. *See United Services Auto. Assn v. Morris,* 154 Ariz. 113, 741 P.2d 246 (1987).

■ In this diversity case, this court must apply the applicable state law, in this case, the law of Wyoming. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) (When sitting in diversity, federal court must apply law of forum state as declared by that state's highest court or legislature). Recognizing that the Wyoming Supreme Court has not spoken on this issue, this court must determine how it believes that court would rule if confronted with the question. *Jacobs v. Dista Products Co.,* 693 F.Supp. 1029, 1031 (D.Wyo.1988) (where no controlling state law, federal court must make its "best estimate" of how state's highest court would rule). In making this determination, this court considers state court decision, decisions of other states, federal decisions, and the general weight and trend of authority. *Armijo v. Ex Cam, Inc.,* 843 F.2d 406, 407 (10th Cir.1988).

In the case of *Lopez v. Arryo,* 489 P.2d 626 (Wyo.1971), the Wyoming Supreme Court supported and recognized the principle that in a wrongful death case, a restrictive covenant not to execute against the personal assets of defendants was not a complete release of all liability on the part of defendants that would bar suit. In this case, as in *Lopez,* we are dealing with a covenant not to execute.

■ Having considered the case law, this court concludes that were it faced with this question, the Wyoming Supreme Court would adopt the rationale of those cases holding that an insurer who reserves the right to deny coverage loses the right to control the litigation. *Morris,* 741 P.2d at 252; *Cay Divers, Inc. v. Raven,* 812 F.2d 866, 870 (3d Cir.1987); *Taylor v. Safeco Ins. Co.,* 361 So.2d 743, 746 (Fla.App.1978); *Miller v. Shugart,* 316 N.W.2d 729 (Minn.1982); *Ideal Mutual Ins. Co. v. Myers,* 789 F.2d 1196, 1205 (5th Cir.1986) (insured's settlement of case being defended under reservation of rights "does not operate to discharge the insurer's obligations unless insurer actually prejudiced or deprived of a valid defense"); *First Hays*

*Banshares v. Kan. Bankers Surety Co.,* 244 Kan. 576, 769 P.2d 1184, 1189 (1989).

"When an insurer reserves rights to assert non-coverage under the insurance policy, the insured is placed in a precarious position. If the case goes to trial, the insured may be subjected to a verdict in excess of any insurance limits or as a result of any declaratory judgment action there may be no coverage at all." *Morris,* 741 P.2d at 252. On the other hand "[p]ermitting the insured to settle with the claimant presents a great danger to the insurer. To relieve himself of personal exposure, the insured may be persuaded to enter into almost any type of agreement or stipulation by which the claimant hopes to bind the insurer by judgment and findings of fact." *Id.*

■ For the foregoing reasons, this court concludes that where the insurer was defending under a reservation of rights and had filed a declaratory judgment action contesting coverage, the insured's assignee is not barred from recovery from the insurer for a stipulated liability to which the insurer did not consent and the insured is not personally liable. Therefore, Petitioner is not entitled to summary judgment on this issue.

**B. Did the insured breach the policy's "duty to cooperate" provision by entering into a unauthorized settlement with Mrs. Spangler.**

■ Petitioner contends that by entering into an unauthorized consent to liability, the insured breached the policy's cooperation clause, and therefore the indemnity provision of the policy is void.

Respondent contends that where an insurer is defending a claim under a reservation of rights, the insured does not breach its contractual duty to cooperate when it settles claims being defended under a reservation of rights. The policy's Cooperation Clause states: "You also agree not to assume any legal responsibility involving claims under this policy without our permission." Petitioner's Ex. 1, at 28.

Once again, the Wyoming Supreme Court has not answered this question so this court must determine how it would likely rule if faced with the issue. *Erie, supra; Dista Products, supra.*

The Supreme Court of Arizona was faced with this issue in *Morris, supra.* That court surveyed the case law holding generally that an insurer disputing coverage could not invoke "its duty to cooperate clause to prevent the insured from taking reasonable measures to protect himself from the hazards of his position." *Morris,* 741 P.2d at 252 *citing Miller,* 316 N.W.2d at 733–34. The Arizona Supreme Court stated:

We agree with these cases. The law distinguishes between an insurer's duties to defend and to pay. An insurer that performs the duty to defend but reserves the right to deny the duty to pay should not be allowed to control the conditions of payment. The insurer's insertion of a policy defense by way of reservation or nonwaiver agreement narrows the reach of the cooperation clause and permits the insured to take reasonable measures to protect himself against the danger of personal liability. Accordingly, we hold that the cooperation clause prohibition against settling without the insurer's consent forbids an insured from settling only claims for which the insurer unconditionally assumes liability under the policy. Thus, an insured being defended under a reservation of rights may enter into a *Damron* agreement without breaching the cooperation clause. Such agreements must be made fairly, with notice to the insurer, and without fraud or collusion on the insurer.

*Id.* (internal citations omitted).

This court believes that were the issue before the Wyoming Supreme Court, it would follow the *Morris* and *Miller* line of cases. Accordingly, the court will deny Petitioner's Motion for Summary Judgment on the issue of the insured's alleged breach of the duty to cooperate as a bar to enforceability of the stipulated liability.

**C. If the insured's settlement did not violate his "duty to cooperate", the insured failed to give INA adequate and timely notice of the settlement as required by the case law.**

■ Petitioner contends that even if this court follows the *Miller* and *Morris* line of cases on the effect of a defense under reservation of rights on the insured's duty to cooperate, that failure of this insured to give notice to the insurer of the negotiations and resulting settlement bars this action. *Citing Miller,* 316 N.W.2d at 734; *The Rivers v. Richard Schwartz/Neil Weber, Inc.,* 459 N.W.2d 166, 172 (Minn.App.1990); *Morris, supra,* (insured must notify insured of settlement); *Gates Formed Fibre Products, Inc., v. Imperial Casualty and Indemnity Co.,* 702 F.Supp. 343, 347 (D.Me.1988) (cooperation clause requires insured give insurer notice of settlement opportunities and option to participate).

Respondent contends that it is entitled to summary judgment on the notice question because (1) Mr. Nelson fully complied with any requirement for notice and (2) even if there is a fact question on notice, as a matter of law INA cannot rely on a lack of notice.

This court must deny the cross motions on the issue of notice: there are material issues of fact on whether notice of intent to settle was given prior to settlement and whether, if given, it was adequate.

Further, in this court's view, notice is not a separate procedural requirement to be imposed by the courts as in *Gates Formed Fibre Products, Inc., supra.* Instead notice is a component of the factual question of whether the insured's settlement of the claims defended under a reservation of rights was reasonable, in good faith and without fraud or collusion.

In some cases notice, or lack of notice, of settlement negotiations may be dispositive of the insured's good faith or of allegations of collusion. In other cases, it may not play a significant role. Thus, this court declines to impose rules determining in advance what notice or timing of notice is sufficient to meet the insured's duty to cooperate without losing opportunity to protect himself from the danger of liability inherent in a defense under reservation of rights, especially where as in the present case, the potential liability exceeded the policy limits.

**D. Settling Mrs. Spangler's claims for $450,000.00 was an unreasonable settlement and therefore INA has no obligation to pay any portion of that settlement.**

■ This court finds that there are material issues of fact involving the reasonable-

ness of the settlement amount. As a result, the court will deny summary judgment on the issue.

### E. The liquor liability exclusion of the Policy excludes coverage for any of the claims asserted by Mrs. Spangler against Mr. Nelson, and therefore INA has no obligation to pay any portion of the judgment entered against Mr. Nelson.

This court finds that Petitioner has failed to raise a material issue of fact in support of its contention that coverage is excluded. In contrast, Respondent has met her burden of showing that there are no material issues of fact and that as a matter of law under the plain language of the policy there is coverage for the wrongful death claim against Mr. Nelson.

Petitioner's Brief in Opposition to Respondent's Motion for Summary Judgment contends the following show there are material issues of fact: the admission that Mr. Conzelman and Mr. Spangler consumed alcoholic beverages served by the insured; the Conzelman/Spangler altercation was set in motion when Mr. Spangler's uncle attempted to take Mr. Conzelman's drink; and that the judge who imposed a criminal sentence on Mr. Conzelman found that his conduct was "substantially related to the use of alcohol."

Neither separately nor in the aggregate do these facts establish an issue of fact as to whether the harm sustained by Mr. Spangler was proximately caused by Mr. Nelson's selling or serving alcoholic beverages.

There is a lack of connection between Mr. Nelson having served drinks to Mr. Conzelman and Mr. Spangler and the harm sustained by Mr. Spangler outside of the bar. That lack of connection is not bridged by the finding made by the sentencing judge in Mr. Conzelman's criminal case. Mr. Nelson [the insured], Petitioner [as insurer] and Mrs. Spangler were all not parties to the criminal action and did not present their claims in that forum. Mr. Conzelman may be bound by that court's finding that his conduct was substantially related to use of alcohol, but he is not a party to this action. As for the altercation having begun with an individual

trying to take Mr. Conzelman's drink, it could as well have been any object.

The exclusion provides:

We won't protect against claims for harm for which you or your indemnitee may be held liable as a result of engaging in the business of manufacturing, distributing, selling or serving alcoholic beverages. These include liabilities arising out of:

1. Violations of a law or regulation that governs the sale, gift, distribution, or use of alcoholic beverages; or

2. Selling, serving, or giving of alcoholic beverages to a minor, to a person under the influence of alcohol, of that causes or contributes to the intoxication of any person.

Even if no insured or indemnitee is engaged in the business of manufacturing, distributing, selling, or serving alcoholic beverages, we won't provide protection to an insured or indemnitee who owns or leases a property that is used for any of these activities if liability arises out of any of the causes listed in item 1 above. But we will protect an owner or lessor against the liabilities listed in item 2.

Thus, the liquor liability exclusion specifically enumerates acts for which coverage is excluded. There is no evidence that would raise an issue of fact that Mr. Nelson engaged in any of the enumerated acts, much less that Mr. Spangler's harm proximately resulted from Mr. Nelson's having engaged in any of the enumerated non-covered acts. Petitioner cannot rest on the allegations of the Complaint. Under the plain language of the policy, there is coverage because Petitioner has not come forward with affidavits, or other evidence to show that Mr. Nelson's liability under the wrongful death claim arose from a non-covered act.

Accordingly, the court will deny Petitioner's Motion for Summary Judgment on coverage and grant Respondent's Motion for Summary Judgment and hold the policy covered Mr. Nelson's liability for the wrongful death claim.

The following issues are the only ones raised by Respondent's Motion for Summary

Judgment that have not been determined pursuant to the court's resolution of Petitioner's issues:

### F. Is Mrs. Spangler entitled to summary judgment on INA's breach of cooperation clause and bad faith claims?

For the reasons discussed above, the court will grant Respondent summary judgment dismissing the breach of cooperation clause claim. Petitioner has raised a material issue of fact with respect to the claim for bad faith and the court will deny summary judgment on that issue.

### G. Mrs. Spangler is entitled to summary judgment on INA's fraud claim.

Petitioner has withdrawn its fraud claim. Accordingly the court will grant Respondent's Motion for Summary Judgment dismissing the fraud claim.

### CONCLUSION

The court will deny Petitioner's Motion for Summary Judgment.

The court will grant, in part, Respondent's Motion for Summary Judgment. Respondent will have summary judgment on the issue of coverage, the duty of cooperation clause and dismissing the fraud claim. In other respects, the court will deny Respondent's motion. Respondent's Motion in Limine addressed to the Wyoming comparative negligence statute will be denied, without prejudice.

Of concern to the parties at trial will be questions of burdens of proof and persuasion on the question of the reasonableness of the settlement, the insured's good faith and lack of collusion. The Kansas Supreme Court grappled with these concerns in *Glenn v. Fleming*, 247 Kan. 296, 799 P.2d 79, 92–93 (1990). In *Glenn*, the Court adopted a burden of proof resolution originally put forth by the Supreme Court of New Jersey in *Griggs v. Bertram*, 88 N.J. 347, 443 A.2d 163, 172–74 (1982). The burden of proof resolution found in the *Griggs* and *Glenn* cases point the way as to how these concerns may be resolved.

*See also Morris*, 741 P.2d at 254 (insured has burden of showing judgment was fair and reasonable under the circumstances).