445 So.2d 1151 (1984)
Opal F. HUDSON, As Personal Representative of the Estate Ela Hudson, Deceased, Appellant,
v.
KEENE CORPORATION: the Celotex Corporation; Johns-Manville Corporation; Johns-Manville Amiante Canada, Inc.; H.K. Porter Company, Inc.; Armstrong Cork Company and Raybestos-Manhattan, Inc., Appellees.
No. AN-453.
District Court of Appeal of Florida, First District.
March 8, 1984.
*1152 Wayne Hogan of Brown, Terrell & Hogan, Jacksonville, for appellant.
H. Franklin Perritt, Jr., Jacksonville, for appellee Johns-Manville.
Gilbert Haddad, Coral Gables, for appellee Raybestos-Manhattan.
Norwood S. Wilner, Jacksonville, for appellee Keene Corporation.
Floyd Matthews, Jacksonville, for appellee H.K. Porter Company.
Clark Jordan-Holmes, Charles P. Schropp & Raymond T. Elligett, Jr., Tampa, for appellee Celotex.
John C. Taylor, Jr., Jacksonville, for appellee Armstrong Cork Company.

ON MOTIONS FOR REHEARING, CLARIFICATION, AND CERTIFICATION
JOANOS, Judge.
Having considered appellant's motions for rehearing, clarification, or certification, we grant the motion for clarification and deny the motions for rehearing and certification. The decision and opinion filed January 24, 1984 is withdrawn and the following decision and opinion is substituted in lieu thereof.
Ela Hudson was diagnosed as having asbestosis in March, 1977. On November 12, 1980, an action for personal injuries was filed against Johns-Manville Sales Corporation only. Ela Hudson died on July 14, 1981. On November 2, 1981, a wrongful death claim was filed against appellees. This claim was filed within two years of Mr. Hudson's death, but more than four years after the diagnosis of asbestosis. As this state of the facts indicates, there had been no claim for personal injuries against appellees within four years of the diagnosis. Appellees' motion for summary judgment was granted on the basis that the death did not revive an extinguished cause of action.[1] In other words, since the four year personal injury limitations period had run before the suit for wrongful death was filed, appellant could not recover from appellees on the wrongful death claim.
The question presented in this case boils down to whether, based on the language found in the wrongful death statute, specifically Section 768.19, Florida Statutes, the wrongful death claim is barred by the running of the limitations period with regard to Ela Hudson's personal injury suit, even though ordinarily the limitations period for a wrongful death action is two years, Section 95.11(4)(d), Florida Statutes. Section 768.19 provides:
When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under *1153 circumstances constituting a felony. (e.s.)
Appellant argues that even though the death would not revive the cause of action for personal injuries, it did create a new, independent cause of action for wrongful death. Appellant contends the implication of the lower court's ruling with regard to the statute of limitations is contrary to the declared public policy of this state that wrongful death legislation is to be liberally construed in order to give it effect.
Appellant relied on Perkins v. Variety Children's Hospital, 413 So.2d 760 (Fla. 3d DCA 1982), in which the Third District held, among other things, that the pertinent language, underscored above, refers to the qualifying nature of the event rather than whether the decedent sued in his lifetime, and that the two year wrongful death limitations period began to run at the time of death. The Florida Supreme Court recently rejected in its entirety the approach taken by the Third District, see Variety Children's Hospital v. Perkins, 445 So.2d 1010 (Fla. 1983). Both the defense of res judicata, discussed at length by the supreme court in the Perkins opinion, and that of the running of the statute of limitations are waivable affirmative defenses. Because of that decision we are bound to conclude the circuit judge in the present case properly granted appellees' motion for summary judgment, because under the supreme court interpretation of the statutory language in Perkins, Ela Hudson would not have been able to maintain an action against appellees if death had not ensued due to the running of the limitations period with regard to the personal injury suit. Therefore the summary judgment appealed is AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.
NOTES
[1] Pursuant to a motion filed in this court this case has been stayed with regard to Johns-Manville Corp. and Johns-Manville Amiante Canada, Inc., thus this opinion does not affect their interests.