457 So.2d 1377 (1984)
Terrence M. ASH, D.C., Petitioner,
v.
Nicholas A. STELLA, Etc., Respondent.
No. 63347.
Supreme Court of Florida.
October 11, 1984.
Susan J. Cole and Michael K. McLemore of Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, Miami, for petitioner.
Edward A. Perse of Horton, Perse & Ginsberg, and Carroll, Halberg & Meyerson, Miami, for respondent.
PER CURIAM.
We have for review a decision of a district court of appeal, Stella v. Ash, 425 So.2d 122 (Fla. 3d DCA 1982), which is in conflict with decisions of other district courts of appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
*1378 The issue in this case is when does the statute of limitations begin to run in wrongful death actions where the negligence complained of is medical malpractice. Respondent Nicholas Stella, as personal representative of his wife's estate, commenced this action on March 30, 1979, by filing a complaint charging petitioner Terrence M. Ash, D.C., with the wrongful death of his wife Cynthia Stella. The complaint alleged that Mrs. Stella began experiencing back and shoulder pains in 1975 and that on July 7, 1975, she came under the care and treatment of Albert Gersing, M.D. On January 7, 1977, according to the complaint, Mrs. Stella came under the care and treatment of Terrence M. Ash, D.C., who treated her improperly by failing to diagnose her condition as malignant hemangiopericytoma of the soft tissue of the right post-scapula area. The complaint further alleged that a proper diagnosis was not made until March 23, 1977, by Robert B. Hinds, M.D., and that as a result of the delay of proper diagnosis, Mrs. Stella died on January 31, 1978.
Dr. Ash filed a motion to dismiss on the ground that the statute of limitations had run since the complaint was filed more than two years after Mrs. Stella's condition was properly diagnosed. The motion was granted; Stella appealed and the district court reversed, finding that although the complaint was filed more than two years after a proper diagnosis was rendered, there was nothing in the complaint to indicate whether or not the proper diagnosis was conveyed to the patient. Stella v. Ash, 380 So.2d 488 (Fla. 3d DCA 1980). On remand, after additional discovery established that Mrs. Stella had been informed of the proper diagnosis on the day it was made, Dr. Ash filed a motion for summary judgment, again asserting that the statute of limitations had run. The trial court granted Ash's motion for summary judgment, and Stella filed a second appeal.
On appeal, the district court again reversed, holding that a wrongful death action is not limitations-barred when it is filed within two years of the death of the injured party. Stella v. Ash, 425 So.2d 122 (Fla. 3d DCA 1982). The district court went on to hold that even if the action were required to be brought within two years of when the incident giving rise to the action was discovered or should have been discovered, the fact that Cynthia Stella had been informed of a proper diagnosis did not conclusively establish that she knew or should have known that Dr. Ash had misdiagnosed her condition.
In support of its holding that the statute of limitations did not begin running until Cynthia Stella had died, the district court cited Perkins v. Variety Children's Hospital, 413 So.2d 760 (Fla. 3d DCA 1982), which held that a survivor can bring a wrongful death action even though the deceased while still living had recovered damages for his injuries. The district court in Perkins reasoned that the wrongful death action could be brought since it was a separate and independent cause of action and not derivative of the injured person's right while living to recover for personal injuries.
We reversed the district court's holding in Perkins, finding that there was no wrongful death cause of action.
At the moment of his death the injured minor Anthony Perkins had no right of action against the tortfeasor because his cause of action had already been litigated, proved and satisfied. The recovery awarded by the judgment in the previous personal injury action included damages arising from future expenses. Since there was no right of action existing at the time of death, under the statute no wrongful death cause of action survived the decedent. See Collins v. Hall, 117 Fla. 282, 157 So. 646 (1934); Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894); Warren v. Cohen, 363 So.2d 129 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 462 (Fla. 1979).
Variety Children's Hospital v. Perkins, 445 So.2d 1010, 1012 (Fla. 1983).
In this case we are concerned with the issue of whether a survivor can bring a wrongful death action in cases where if the *1379 decedent had survived, the decedent would have been precluded from filing suit because of the statute of limitations. The statute of limitations governing this case is section 95.11(4)(b), Florida Statutes (1979), which provides:
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care.
This language was originally adopted in 1975. See Ch. 75-9, Laws of Fla. Before that time the statute of limitations governing malpractice suits did not apply to wrongful death actions. See e.g., St. Francis Hospital Inc. v. Thompson, 159 Fla. 453, 31 So.2d 710 (1947); Fletcher v. Dozier, 314 So.2d 241 (Fla. 1st DCA 1975). However, by defining an "action for medical malpractice" to include a claim in tort for damages because of death, the legislature clearly intended this section to apply to wrongful death actions in cases where the basis for the action is medical malpractice. See Worrell v. John F. Kennedy Memorial Hospital, Inc., 384 So.2d 897 (Fla. 4th DCA 1980), aff'd sub nom., Dober v. Worrell, 401 So.2d 1322 (Fla. 1981). Accord Real v. Kim, 112 Ill. App.3d 427, 68 Ill.Dec. 139, 445 N.E.2d 783 (1983); Armijo v. Tandysh, 98 N.M. 181, 646 P.2d 1245 (Ct.App. 1981), cert. quashed, 98 N.M. 336, 648 P.2d 794, cert. denied, 459 U.S. 1016, 103 S.Ct. 377, 74 L.Ed.2d 510 (1982).
We now reach the question of whether the trial court properly granted summary judgment in favor of Dr. Ash. The trial judge concluded that Cynthia Stella knew or should have known of Dr. Ash's allegedly improper diagnosis on March 23, 1977, when she received a proper diagnosis. However, the diagnosis on which the trial court based its decision was inarguably a preliminary diagnosis. Tests to confirm that diagnosis were not performed until March 29. The final results of those tests were not available until March 30. We do not believe that, as a matter of law, a tentative diagnosis, however proper it may turn out to be in hindsight, starts the clock on an action for medical malpractice arising out of negligent failure to properly diagnose. Thus there is an issue of fact as to whether notice that an inoperable, malignant tumor had been discovered did, in fact, put the respondent and his wife on legal notice that the tumor had existed at the time Dr. Ash treated Mrs. Stella and that Dr. Ash had been negligent in improperly diagnosing the problem. The etiology of malignancy is not well enough understood, even by medical researchers, that the courts should impute sophisticated medical analysis to a lay person struggling to cope with the fact of malignancy. Further evidence may reveal that, without knowledge of the specific nature of the tumor, no medical expert could have conclusively stated that the cancer did, in fact, exist at the time of Dr. Ash's alleged misdiagnosis. Absent a finding of fact that before March 30, 1977, medical records showed that the newly discovered tumor had been the cause of Mrs. Stella's earlier problems, constructive knowledge of the incident giving rise to the claim cannot be charged to the Stellas.
We therefore quash that portion of the district court opinion relating to the running of the statute of limitations for wrongful deaths arising out of medical malpractice, but we approve that portion reversing the summary judgment and remanding for further proceedings.
It is so ordered.
OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., and ADKINS, J., dissent.