465 So.2d 1332 (1985)
Louis Key COLON and Jeannette M. Colon, Appellants,
v.
The CELOTEX CORPORATION, a Delaware Corporation, Fibreboard Corporation, a Delaware Corporation, et al., Appellees.
No. 84-507.
District Court of Appeal of Florida, Third District.
March 19, 1985.
Rehearing Denied April 19, 1985.
*1333 Baron & Associates and Jane N. Saginaw, Dallas, Tex., Louis S. Robles and Janice Robinson, Miami, for appellants.
Shackleford, Farrior, Stallings & Evans and Charles P. Schropp and Raymond T. Elligett, Jr., Tampa, for The Celotex Corp., appellee.
Lyle & Skipper and C. Bryant Boydstun, Jr., St. Petersburg, for Fibreboard Corp., appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff, Louis Colon, appeals from a summary judgment entered in favor of defendants on a finding that Colon's claim is barred by the Tennessee one-year statute of limitations.
For twenty-three years, Colon was employed in Florida as an installer and dismantler of asbestos products manufactured, distributed, and sold by the defendants. On June 25, 1979, he visited a doctor in Tennessee who diagnosed his bronchial problem as asbestosis. Plaintiff commenced this action in Florida, his home state, on June 26, 1980.
Under the Florida statute of limitations, section 95.11, Florida Statutes (1983), a plaintiff has four years in which to commence an action after he knew or reasonably should have known the occupational origin of the disease upon which the lawsuit is based. Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984). Under Tennessee law there is a one-year period within which to bring the action after the existence of a cause of action is discovered. In deciding whether the claim is time-barred in this case, the first inquiry is which law governs. In Meehan v. The Celotex Corp., 466 So.2d 1100 (Fla. 3d DCA 1985), the en banc court split 4-4 on the issue presented, the effect of which was to make the panel's decision that of the court. The panel held that the question of which limiting statute applies is answered by determining where the last act necessary to establish liability occurred without regard to whether that state, if other than the forum state, has any substantial interest in the subject matter of the litigation. That rule is binding on us.
On these facts, in light of Meehan, Florida is required to borrow the Tennessee limiting statute because the cause of action was discovered while plaintiff was in Tennessee. The remaining dispute is whether the discovery of a cause of action occurred on June 25, 1979 (1 year and 1 day prior to the institution of suit), in which case the claim would be time-barred, or on June 28, 1979 (363 days prior to institution of suit), when commencement of the action would have been timely.
In two sworn statements, plaintiff stated he learned that he was suffering from asbestosis on the date he visited his doctor. In a subsequent affidavit submitted just prior to a hearing on the motion for summary judgment, he swore that although he visited the physician on June 25, 1979, he did not learn of the doctor's diagnosis until he received the written medical report sometime after the report date of June 28, 1979. Plaintiff also submitted an affidavit of the physician which stated that he first gave plaintiff an asbestosis diagnosis by written report dated June 28, 1979, after he had reviewed the results of tests administered during the physical examination of June 25, 1979.
Defendants contend that plaintiff should not be permitted to repudiate his two prior sworn statements by filing subsequent affidavits in order to create an issue of fact where there otherwise was none, relying on Inman v. Club on Sailboat Key, Inc., 342 So.2d 1069 (Fla. 3d DCA 1977) and Kramer v. Landau, 113 So.2d 756 (Fla. 3d DCA 1959). A review of the latter affidavits in light of the Florida Supreme Court's recent decision of Ash v. Stella, 457 So.2d 1377 (Fla. 1984), however, suggests that an issue *1334 of fact did exist even before those two affidavits were filed.
In Ash, the court was asked to determine when the statute of limitations began to run on a claim for medical malpractice arising out of a negligent failure to properly diagnose. The trial court, in granting summary judgment for defendant, had held that the plaintiff knew or should have known of the first doctor's allegedly improper diagnosis on March 23, 1977, the date that she visited the second doctor and received a proper diagnosis. In approving that portion of the district court's opinion which reversed the summary judgment, the supreme court stated:
the diagnosis on which the trial court based its decision was inarguably a preliminary diagnosis. Tests to confirm that diagnosis were not performed until March 29. The final results of those tests were not available until March 30. We do not believe that, as a matter of law, a tentative diagnosis, however proper it may turn out to be in hindsight, starts the clock on an action for medical malpractice arising out of negligent failure to properly diagnose.
457 So.2d at 1379.
The rationale of Ash applies fairly to this case. While plaintiff may very well have been told by his doctor on June 25, 1979, that he had asbestosis, the diagnosis was only a preliminary one and did not necessarily start the running of the statute of limitations as a matter of law. Plaintiff's doctor, by affidavit, points out that it is a customary practice not to make a final diagnosis of an occupational disease until after a review of the test results and x-rays. The earlier statements made by plaintiff in which he admitted that he was informed by his doctor on June 25, 1979, that he had asbestosis, then, were not conclusive as to a material factual issue, i.e., whether plaintiff, based solely on that tentative diagnosis, knew or should have known on June 25, 1979, that he had a cause of action against the defendants. See Ash, 457 So.2d at 1379; see also Brown v. Armstrong World Industries, 441 So.2d 1098 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 847 (Fla.); rev. denied, 451 So.2d 850 (Fla. 1984) (defendants who rely on statute of limitations must show that cause and effect relationship between plaintiff's injury and his exposure to the product could have been established to a reasonable medical certainty before time for bringing action had expired).
Reversed and remanded for further consistent proceedings.