487 So.2d 1096 (1986)
Lynn PHLIEGER, Etc., Appellant,
v.
NISSAN MOTOR CO., LTD., et al., Appellees.
No. 85-482.
District Court of Appeal of Florida, Fifth District.
March 27, 1986.
Rehearing Denied April 24, 1986.
Gary D. Fox, of Stewart, Tilghman, Fox & Bianchi, P.A., Miami, Thomas E. Thoburn, Cocoa, and James C. Blecke, Miami, for appellant.
Sharon Lee Stedman, of Rumberger, Kirk, Caldwell, Cabaniss & Burke, P.A., Orlando, for appellees.
DAUKSCH, Judge.
This is an appeal from a final summary judgment in a wrongful death action.
In August 1981, Jay Phlieger was killed as the result of an allegedly defective roof design in his Nissan truck. In June 1983, less than two years later, his widow filed a wrongful death action against Nissan. In its motion for summary judgment, Nissan pointed out that the truck had been originally purchased on February 13, 1970, and that under the product liability statute of *1097 repose, which has a twelve year absolute limit of liability, its exposure to liability ended on February 13, 1982. Nissan argued that because on June 3, 1983, when Mrs. Phlieger filed her wrongful death action, a products liability action by her husband would have been barred, the wrongful death action was likewise barred. The trial court agreed and entered summary judgment in favor of Nissan.
On appeal, Mrs. Phlieger argues that the trial court erred in applying the products liability statute of repose to bar her suit. Mrs. Phlieger brought this wrongful death action pursuant to section 768.19, Florida Statutes (1983) which provides as follows:
Right of action. 
When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony.
Section 95.11, Florida Statutes (1983) provides for limitations of actions as follows:
Actions other than for recovery of real property shall be commenced as follows:
* * * * * *
(3) WITHIN FOUR YEARS. 
(a) An action founded on negligence.
* * * * * *
(e) An action for injury to a person founded on the design, manufacture, distribution, or sale of personal property that is not permanently incorporated in an improvement to real property, including fixtures.
* * * * * *
(j) A legal or equitable action founded on fraud.
* * * * * *
(4) WITHIN TWO YEARS. 
* * * * * *
(d) An action for wrongful death.
Section 95.031, Florida Statutes (1983) provides for the computation of time as follows:
(2) Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser or within 12 years after the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
There was some confusion in this case regarding which statute of limitations to apply and the applicability of the statute of repose. Had Mrs. Phlieger brought a products liability action against Nissan for her own injuries from the defective truck, then her cause of action would have been a products liability action governed by the four year statute of limitations under section 95.11(3). In that case, the provisions of section 95.031(2) would also apply to bar a suit twelve years after the date of delivery of the completed product to its original purchaser regardless of the date the defect was discovered. Here, however, the action, although admittedly based on negligence, strict liability, and breach of warranty, was a wrongful death action pursuant to section 768.19. Thus by its very language, section 95.031(2) does not apply and, rather, the two year statute of limitations for wrongful death actions found in section 95.11(4)(d) applies.
This conclusion is supported by Parker v. City of Jacksonville, 82 So.2d 131 (Fla. 1955). In that case, the Florida supreme *1098 court held that a wrongful death action based on the alleged negligence of the City of Jacksonville was governed by the two year statute of limitations for wrongful death actions and not by the one year statute of limitations pertaining to actions against municipalities for "any negligence or wrongful injury or damage to person or property." The court held that the one year limitation did not apply to all actions, but only applied to negligent or wrongful, that is, "tortious" conduct. The court pointed out that Mrs. Parker's suit was not for the injuries sustained by her late husband, but was for the death resulting from that injury, which was an independent and distinct grievance created by statute. The court also noted that repeals by implication are not favored and concluded that the legislature had not intended to repeal the two year wrongful death statute of limitations by enacting the one year statute of limitations for actions against municipalities.
In the present case, Mrs. Phlieger likewise is not suing for the injuries sustained by her husband but is seeking damages for the death resulting from that injury. There is no express language in sections 95.031(2) and 95.11(3) which would include a wrongful death action based on products liability claims. And, as was noted in Parker, repeal by implication is not favored. Since products liability claims and wrongful death actions are separate and distinct causes of action, the wrongful death statute of limitations should have been applied here.
The cases cited by Nissan are distinguishable. Nissan cites Taylor v. Safeco Insurance Co., 361 So.2d 743 (Fla. 1st DCA 1978), for the proposition that the survivor can have no greater right than the decedent would have had. Taylor, however, involved the assignment of contract rights and not wrongful death or statute of limitations principles.
Two other cases cited by Nissan, Ash v. Stella, 457 So.2d 1377 (Fla. 1984) and Variety Children's Hospital v. Perkins, 445 So.2d 1010 (Fla. 1983), actually support Mrs. Phlieger's position. In Ash, the Florida supreme court held that wrongful death actions based on medical malpractice would be governed by the medical malpractice statute of limitations. The medical malpractice statute, however, specifically defined an action for medical malpractice as including a claim in tort for damages because of death. Based on this language, the court concluded that the legislature had clearly intended the section to apply to wrongful death actions in cases where the basis for the action is medical malpractice. In contrast, here section 95.031(2) does not define a products liability action as including claims for damages because of death.
In Variety Children's Hospital v. Perkins, the Florida supreme court held that a wrongful death action was barred where the decedent, during his lifetime, had filed a personal injury action against the tortfeasor and had fully recovered. In so holding, the court explained as follows:

At the moment of his death the injured minor Anthony Perkins had no right of action against the tortfeasor because his cause of action had already been litigated, proved and satisfied. The recovery awarded by the judgment in the previous personal injury action included damages arising from future expenses. Since there was no right of action existing at the time of death, under the statute no wrongful death cause of action survived the decedent. [emphasis added].
445 So.2d at 1012.
Here Mrs. Phlieger points out that at the moment of her husband's death, the twelve years had not yet run and he did have a cause of action against Nissan. In Love v. Hannah, 72 So.2d 39 (Fla. 1954), the Florida supreme court held that the plaintiff's right of action under the wrongful death statute must be determined by the facts existing at the time of the death of decedent. At the time of his death, the decedent had the right to bring an action against Nissan and thus the subsequent wrongful death action was not barred.
Nissan's argument that Mrs. Phlieger's action was barred would have merit only if *1099 her husband had been killed more than twelve years after the delivery of the truck and he himself was barred from filing suit. See Variety Children's Hospital v. Perkins (where decedent had no cause of action against tortfeasor because his personal injury action had already been litigated, proved and satisfied during his lifetime, subsequent wrongful death action based on the same tortious conduct was barred); Hudson v. Keen Corporation, 445 So.2d 1151 (Fla. 1st DCA 1984) (where four year statute of limitations for personal injury actions had expired during a decedent's lifetime and decedent would have been barred from filing suit himself, subsequent wrongful death action based on the same tortious conduct was likewise barred). Here, as was noted above, the twelve year statute of repose had not expired when the cause of action, for wrongful death, accrued.
The summary judgment is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
SHARP, J., concurs.
UPCHURCH, J., dissents without opinion.