**Ruby C. QUATTLEBAUM, as Executrix of the Estate of Robert W. Quattlebaum, Deceased, Plaintiff,**

v.

**CAREY CANADA, INC., et al. Defendants.**

**Civ. A. No. 86–1004.**

United States District Court, D. South Carolina, Columbia Division.

May 13, 1988.

Terry E. Richardson, Jr., Barnwell, S.C., David Lyle, Jr., Columbia, S.C., for plaintiff.

R. Bruce Shaw, David G. Traylor, Jr., Columbia, S.C., for defendants.

## ORDER

JOE F. ANDERSON, Jr., District Judge.

This matter is before the court on defendant Carey Canada's motion for summary judgment pursuant to *Fed.R.Civ.P.* 56. The motion is hereby granted.

This wrongful death action was instituted by Ruby Quattlebaum on March 17, 1986 pursuant to *S.C.Code Ann.* § 15–51–10 (wrongful death statute). The plaintiff's husband, Robert Quattlebaum died on July 8, 1984. In her Complaint, Mrs. Quattlebaum alleges Carey Canada was liable for her husband's contraction of asbestosis and subsequent death, which she argued was proximately caused by his exposure to asbestos containing products.

Mr. Quattlebaum worked as an insulator at various times from 1937 until 1971. In 1971 he was informed he was suffering from asbestosis or an asbestos-related disease. At that time he sought the advice of an attorney. Defendant's Ex. 2, Quattlebaum Depo. at 29–31.

On July 7, 1976, Mr. Quattlebaum filed a Complaint against numerous manufacturers of asbestos-containing products, alleging that his asbestos related disease was attributable to the actions of these defendants. Defendant's Ex. 4, Complaint of Robert Quattlebaum. Carey Canada was not a party to the original action. On October 5, 1979, Mr. Quattlebaum resolved the matters in controversy with the defendants in the original suit, and he and Ruby Quattlebaum executed a Covenant Not To Sue and Indemnity Agreement; a voluntary nonsuit was filed on November 19, 1979. Defendant's Ex. 5.

This motion presents the question of whether a plaintiff suing under the wrongful death statute may pursue an action based on the same wrong sued upon earlier by the decedent, if the personal injury statute of limitations has expired, but the specific wrongful death limitations period has not elapsed.

The six year statute of limitations applicable to Mr. Quattlebaum's personal injury claim is found at *S.C.Code Ann.* § 15–3–530(5). The period began to run in 1971, the date of diagnosis. Thus, there is no claim Mr. Quattlebaum's 1976 Complaint was not timely filed. There is also no doubt that under the applicable statute of limitations, Mr. Quattlebaum would have been foreclosed from pursuing a personal injury action against Carey Canada in 1986. The court hereby finishes the analysis and disallows Mrs. Quattlebaum's wrongful death claim for an act or injury that Mr. Quattlebaum, had he lived, would have been barred by the statute of limitations from maintaining.

The express language of the wrongful death statute provides a cause of action to the decedent's representative if "the act, neglect or default is such, as would, if death had not ensued, have entitled the party injured to maintain an action." *S.C. Code Ann.* § 15–51–10. The claim must be brought within six years of the decedent's death. *S.C.Code Ann.* § 15–3–530(6). The court agrees with Carey Canada that although § 15–51–10 creates a new statutory right in the personal representative, the right exists only if the decedent could have maintained such an action had he lived. The right to bring a wrongful death claim is thus conditioned upon the decedent's right to maintain a claim or action. Under the terms of the wrongful death statute, the representative has no statutory right to pursue a wrongful death claim if the decedent's cause of action was barred by the statute of limitations.

There is no South Carolina authority directly on point. Therefore, this court sitting in diversity must "decide the case as ... the highest court of South Carolina would if confronted with the same situation." *Reid v. Life Ins. Co. of North America, Inc.,* 718 F.2d 677 (4th Cir.1983). A review of case law from other jurisdictions supports this court's conclusion and can be used as supporting authority here. *Id.*

South Carolina's wrongful death statute is derived from or modeled after Lord

Campbell's Act. *Reed v. Northeastern R. Co.*, 37 S.C. 42, 16 S.E. 289 (1892). Lord Campbell's Act, as does South Carolina's Wrongful Death Act, qualifies and conditions the right to bring a wrongful death action upon the decedent's ability, if he had lived, to bring an action at the time of his death. The English interpretation of Lord Campbell's Act supports the position taken by Carey Canada. In *Marks v. Portsmouth Corp.*, 157 L.T.R.(n.s.) 261 (1937), the court noted "Lord Campbell's Act gives a direct right of action to the dependents, no doubt a new statutory right. But it is essential to that right that the act, neglect, or default shall be such as would have entitled to the party injured to maintain an action and recover damages and respect thereof. *It is material to see if the deceased could have maintained an action.*" *Id.*, emphasis added. Similarly in *Williams v. Mersey Docks*, [1905], 74 K.B. 481, the court ruled that when the statute of limitations has run against the action of the injured person at the time of his death, the right of action given to his personal representative by Lord Campbell's Act may not be maintained. Thus, the established law in England is that, where an action could not have been brought by the decedent, the wrongful death action cannot be maintained for the same accident by his representative.

Other jurisdictions with similar wrongful death statutes derived from Lord Campbell's Act have also adopted the English rule. In these jurisdictions the running of the statute of limitations against the injured person's right of action bars the statutory right of the personal representative to sue for wrongful death. Particularly persuasive to this court is *Hudson v. Keene Corp.*, 445 So.2d 1151 (Fla.App. 1 Dist.1984), *aff'd*, 472 So.2d 1142 (Fla.1985). In *Hudson*, the decedent was diagnosed as having asbestosis in March 1977. In November 12, 1980, Mr. Hudson filed an action for personal injuries against only Johns–Manville Sales Corporation. Mr. Hudson died on July 14, 1981. His representative filed a wrongful death claim against a number of defendants on November 2, 1981, more than four years after Mr.

Hudson's diagnosis (and thus beyond his statute of limitations), but within the two year limitations period under the wrongful death statute. The court granted summary judgment for the defendants on the ground that because Mr. Hudson would not have been able to maintain an action against the defendants if death had not ensued (due to the running of the statute of limitations), his personal representative could not recover from the defendants on the wrongful death claim. *Hudson*, 445 So.2d at 1153.

In addition, a number of other jurisdictions have generally followed this rule. A leading case for the above proposition is *Kelliher v. New York Central and H. R. R. Co.*, 212 N.Y. 207, 105 N.E. 824 (1914). The New York wrongful death statute interpreted in *Kelliher* is based upon Lord Campbell's Act and is similar to the South Carolina statute. The court acknowledged that the wrongful death statute creates a cause of action that is new and distinct from the common law action for damages on account of personal injuries based on negligence. However, the court further noted that the right of action provided for in the wrongful death statute is qualified by the condition that the representative action may be brought only where a party would have been liable to an action in favor of the decedent if death had not ensued. The court determined that no action should be maintainable under the statute unless the decedent, at the time of his death, could have maintained an action. In *Kelliher*, the decedent allowed the three years to expire within which he was permitted to commence an action. The court concluded that his subsequent death could not revive the cause of action based upon his injuries in favor of his representative. The court relied in part upon the United States Supreme Court's decision in *Michigan Central R. R. Co. v. Vreeland*, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913), and its interpretation of a similar statute in which the court noted "as the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the new action is a right dependent upon the existence of a right in the dece-

dent immediately before his death to have maintained an action for his wrongful injury." *Kelliher,* 105 N.E. at 825, *citing Michigan Central,* 227 U.S. at 69–70, 33 S.Ct. at 195–197. Similarly in *Street v. Consumer's Mining Corp.,* 185 Va. 561, 39 S.E.2d 271 (1946), the court interpreted a wrongful death statute virtually identical to South Carolina's wrongful death statute and found if decedent's cause of action had expired, so had the claim of his representative. The court in *Woodward Iron Co. v. Craig,* 256 Ala. 37, 53 So.2d 586 (1951) also disallowed a wrongful death claim, holding that the same defenses available to be used by the defendant against the decedent were also available against his representative. *See also Weinberg v. Johns–Manville Sales Corp.,* 299 Md. 225, 473 A.2d 22 (1984); *Mason v. Gerin Corp.,* 231 Kan. 718, 647 P.2d 1340 (1982); *Milford Memorial Hospital v. Elliott,* 58 Del. 480, 210 A.2d 858 (1965).

Although the case law in South Carolina has not directly addressed the issue at hand, the court has not been hesitant to prohibit wrongful death actions in which the decedent had in some way barred himself from pursuing the underlying cause of action. In *Price v. Richmond & D.R. Co.,* 33 S.C. 556, 12 S.E. 413 (1889), the court determined that a release executed by the decedent prior to his death prevented a wrongful death action brought by the decedent's wife. The court's decision was premised upon the limiting language of the wrongful death statute. The *Price* court held that if the defendant in some way deprived himself of the right to pursue a cause of action, "his administrator is, likewise, [also] barred of his right of action." *Id.* at 560, 12 S.E. at 413.

Furthermore, the court in *Reed v. Northeastern R. Co.,* 37 S.C. 42, 16 S.E. 289 (1892) affirmed the *Price* holding and found that "[a]nything that would have defeated [the decedent's] recovery would defeat that in behalf of his family in case he failed to survive." *Reed* at 53, 16 S.E. at 291.

The South Carolina court would no doubt find that the wrongful death statute contains language establishing a condition precedent to the right to bring a wrongful death claim. Therefore, a new statutory right is created by § 15–51–10 in the personal representative of the decedent which can only be maintained if the decedent, had he lived, could have maintained such an action. If the decedent never had a cause of action, none accrues under the wrongful death statute. *Scott v. Greenville Pharmacy, Inc.,* 212 S.C. 485, 48 S.E.2d 324, 326 (1948). Furthermore, anything that would have defeated the decedent's recovery had he survived the accident, "such as contributory negligence, a valid release, or similar acts on his part," would defeat the right of recovery in behalf of his family in case of his death. *Reed,* 37 S.C. at 53, 16 S.E. at 291. It follows logically that the decedent's failure to file a timely claim against Carey Canada is an act, or omission, on his part which should defeat the right of recovery of his personal representative.

Carey Canada is therefore entitled to judgment as a matter of law, as there is no genuine issue of fact to be resolved. *Fed. R.Civ.P.* 56. Summary judgment is hereby granted on behalf of Carey Canada.

IT IS SO ORDERED.