898 So.2d 973 (2005)
William Steven CHILDERS, etc., et al., Appellants,
v.
CAPE CANAVERAL HOSPITAL, INC., et al., Appellees.
No. 5D04-1179.
District Court of Appeal of Florida, Fifth District.
March 4, 2005.
Rehearing Denied April 20, 2005.
Julie H. Littky-Rubin, of Lytal, Reiter, Clark, et al., West Palm Beach, for Appellants.
*974 Larry D. Hall and Adam M. Pastis of Hill, Adams, Hall & Schieffelin, P.A., Winter Park, for Appellee Cape Canaveral Hospital, Inc.
Jennings L. Hurt, III, Henry W. Jewett, II, and Christian P. Trowbridge of Rissman, Weisberg, Barrett, Hurt, Donahue McLain, P.A., Orlando, for Appellees Cocoa Beach Pathology Association and Magaly Parker, M.D.
PLEUS, J.
This is an appeal of the trial court's dismissal with prejudice of a wrongful death action filed by William Childers on behalf of himself and his four year old son, Jason Childers. The claim arose from the death of Sandra Childers, William's wife and Jason's mother, who died allegedly from a misdiagnosed ovarian cancer. At the outset, we find that William's individual claim is barred by Ash v. Stella, 457 So.2d 1377 (Fla.1984). As to Jason's claim, the issue on appeal is whether the statute of repose in section 95.11(4)(b), Florida Statutes, for cases "brought on behalf of a minor," applies only to cases brought on behalf of a child injured by medical malpractice or also extends to cases brought on behalf of a child for the wrongful death of a parent. We believe it applies only to the former and therefore affirm.
In September of 1997, Sandra Childers had some ovarian cysts removed. The biopsy report found no abnormal pathology. In March of 2000, her ovarian cancer was properly diagnosed, but by then it had metastasized. She died in April of 2001, within the four year statute of repose for medical malpractice claims. Suit was filed in April of 2003. Appellants' complaint alleged that the appellees erroneously and negligently interpreted the 1997 pathology slides. It further alleged that appellants did not learn of the 1997 misdiagnoses until June of 2002.
Appellees filed motions to dismiss the suit based on the ground that it was barred by the statutes of limitations/repose. The trial court found that the suit was barred by the statute of repose found in section 95.11(4)(b), Florida Statutes.
Section 95.11(4)(b) now provides:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued, except that this 4 year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred, except that this 7 year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday. (Emphasis added).
*975 The legislature did not define the phrase "brought on behalf of a minor." No Florida cases have previously defined this phrase, or explained when, or under what circumstances, the statute of repose is extended to seven years for actions "brought on behalf of a minor."
When interpreting a statute and attempting to discern legislative intent, courts must first look at the actual language used in a statute. See, e.g., Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000). If the language contained in a statute is clear and unambiguous, courts must derive legislative intent from the words used without involving rules of construction or speculating as to what legislature intended. See, e.g., State v. Dugan, 685 So.2d 1210 (Fla.1996). Courts must give statutory language its plain and ordinary meaning, and is not at liberty to add words that were not placed there by the legislature. See, e.g., Exposito v. State, 891 So.2d 525 (Fla.2004).
However, as in this case, where reasonable differences arise as to the meaning or application of a statute, rules of statutory construction control. See, e.g., Lowry v. Parole and Probation Com'n, 473 So.2d 1248 (Fla.1985). Courts should not construe a statute so as to achieve an absurd result. See, e.g., McKibben v. Mallory, 293 So.2d 48 (Fla.1974). A literal interpretation of the statutory language used is not required when to do so would lead to an unreasonable conclusion, defeat legislative intent or result in a manifest incongruity. See Las Olas Tower Co. v. City of Fort Lauderdale, 742 So.2d 308, 312 (Fla. 4th DCA 1999), rev. dismissed, 783 So.2d 1056 (Fla.2001). "[I]f from a view of the whole law, or from other laws in pari materia the evident intent is different from the literal import of the terms employed to express it in a particular part of the law, that intent should prevail, for that, in fact is the will of the Legislature." Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452 (Fla.1992).
Here, the plain meaning of the phrase "brought on behalf of a minor" is unclear and subject to multiple interpretations. Appellants assert that because this action was "brought on behalf of a minor [Jason]" prior to his eighth birthday, Jason has up until his eighth birthday on August 11, 2006, to file a suit for damages relating to the alleged malpractice in September of 1997. As support for this argument, appellant speculates that the Florida Legislature created this eight year old extension in response to Ash v. Stella, 457 So.2d 1377 (Fla.1984), which held that the medical malpractice statute of limitations applies to wrongful death actions arising from medical malpractice. Appellees counter that the legislature intended to extend the statute of repose only in those instances where the minor suffers injury as the result of medical negligence. A careful review of the legislative history leading to the 1996 amendment to section 95.11(4)(b) indicates that the appellees are correct.
Section 95.11(4)(b) was amended as a result of Senate Bill 454 (SB 454).[1] The prologue to SB 454 provides that the amendment was intended to toll the statute of limitations and statute of repose "with respect to claims of medical malpractice by certain minors...." According to the staff analysis related to SB 454, the amendment "will increase the number of suits primarily against OB/GYNs and pediatricians."[2] Appellees assert that because *976 OB/GYNs and pediatricians are the most likely candidates to be sued for injuries to children, the legislature must have intended the "brought on behalf of a minor" language to apply only to claims brought on behalf of injured children.
Appellees' argument is supported by language contained in section VII of the staff analysis. That section provides commentary on issues related to the amendment and cites to information provided to the legislature by the Academy of Florida Trial Lawyers and the American Tort Reform Association regarding the then national trend toward tolling the statute of limitation and statute of repose for actions brought on behalf of a minor under certain circumstances. Section VII provides in relevant part, "[i]n California, the statute of limitations for a plaintiff injured under the age of six years to bring a medical malpractice action is within 3 years or before the 8th birthday, whichever is later...." (Emphasis added). That section also cites to a Massachusetts statute that tolls the time statute of limitations for medical malpractice claims brought "by a minor" and an Ohio statute that tolls the statute of limitations "for minors to bring a medical malpractice action."[3] Collectively, these citations indicate that the legislature intended to amend section 95.11(4)(b) to provide children under the age of eight that are injured as a result of medical malpractice with additional time to file a claim.
This proposition finds strong support in the staff analysis for House Bill 43 ("HB 43"), a companion bill to SB 454.[4] HB 43 contained a proposal to amend section 95.051, Florida Statutes to toll the statute of limitations and statute of repose for medical malpractice actions "brought on behalf of a minor child" until the child reached 5 years of age. The language contained in the staff analysis for HB 43 closely tracks that contained in the staff analysis for SB 454, and provides additional insight into the intent behind the phrase "brought on behalf of a minor."[5]
Section II of the staff analysis to HB 43 provides
Florida does not have a tolling provision for the statute of limitations for medical malpractice claims involving children. Approximately 40 other states have enacted legislation which extends the statute of limitations for minors entitled to sue under a medical malpractice claim due to the difficulty in detecting or determining the extent of injuries caused by medical malpractice in children. The limitation periods range from three years from the date of injury, to tolling the statute of limitations until the minor reaches 18 years of age.
Subsection C of the staff analysis provides that HB 43 "tolls the running of the *977 statute of limitations with respect to medical malpractice claims that occur to children under the age of five until the child's fifth birthday." (Emphasis added).[6] Subsection B compares the differences between the then-current law and the amendment proposed in HB 43. and explains that the time extension applies to those situations where "medical malpractice is committed on a child." (Emphasis added). These facts provide further evidence that the 1996 amendment to section 95.11(4)(b) was directed to claims brought on behalf of a minor who suffered personal injury as the result of medical negligence.
In addition, appellants' interpretation undermines the purpose of the statutes of limitations and repose. Under appellants' scenario, a child would have up until his or her eighth birthday to individually bring suit, regardless of the date of the alleged malpractice. Theoretically, appellants could bring suit "on behalf of" Jason even if the date of the alleged malpractice against Jason's mother was 20 years ago and Jason was not even born yet. This possibility produces an absurd result and runs contrary to the basic premise behind the time limitations on lawsuits. Under this proposed reading, health care providers, regardless of the age of their patients and the time of the relevant treatment, would be constantly concerned about the possibility that a child could come into a position to bring a derivative claim.
In summary, appellants are asking this Court to create new law based on their unfortunate and sympathetic circumstances. The creation of new law is better left to the Florida legislature. We have considered the other arguments raised by the appellants and find them to be without merit.
AFFIRMED.
PALMER and MONACO, JJ., concur.
NOTES
[1] See Ch. 96-167, Laws of Florida (1996).
[2] See Florida Legislative Staff Analysis, 1996 Session, Law Number 96-167: Senate Staff Analysis and Economic Impact Statement, (April 3, 1996). On page 8 of their brief, Appellees wrongly assert that the staff analysis provides a report from the Department of Insurance indicating that "the intent of this statute was to extend the time frame in an effort to protect young children who originally were injured at or near birth, but their injuries did not become apparent until several years later." The staff analysis does not contain such language.
[3] See Mass. Gen Law. Ann. ch. 231 s 60D (West 1995); Ohio Rev.Code Ann s. 2305.11 (Anderson 1994).
[4] See Florida Legislative Staff Analysis, 1996 Session: House of Representatives Final Bill Analysis and Economic Impact Statement, (May 9, 1996).
[5] HB 43 ultimately failed to pass the legislature, presumably as a result of the passage of SB 454, which incorporated the substance of the amendment proposed in HB 43.
[6] Although this statement does not include the statute of repose, the immediately paragraph provides, "this tolls the statute of limitations and the statute of repose for medical malpractice claims for minors."