ORFINGER, C.J.
Andrew J. Hickman appeals the trial court’s order granting his petition to disestablish paternity of A.J.H., the minor child of Appellee, Tasha Milsap. We affirm.
Mr. Hickman and Ms. Milsap were never married to each other. Ms. Milsap gave birth to A.J.H. in 2001, and both parties executed his birth certificate, declaring themselves his natural parents. In May 2005, Ms. Milsap brought a paternity action against Mr. Hickman resulting in a paternity judgment that found Mr. Hickman was A.J.H.’s father. By separate order, Mr. Hickman was ordered to pay $751 in monthly ongoing child support and $49 monthly toward the $20,277 in child support arrearages.
In early 2011, DNA test results revealed that Mr. Hickman was not A. J.H.’s biologi *514 cal father. As a result, pursuant to section 742.18, Florida Statutes (2011), Mr. Hickman filed a petition to disestablish paternity. Following a hearing, the trial court granted Mr. Hickman’s petition and entered an order disestablishing his paternity and terminating his ongoing child support obligation, but continuing to hold him responsible for the previously determined support arrearage. On appeal, Mr. Hickman contends that the trial court erred by concluding that under section 742.18, Florida Statutes, he remains responsible for previously adjudicated child support ar-rearages.
Enacted in 2006, section 742.18 created a new cause of action for disestablishing paternity. In relevant part, that statute provides:
relief shall be limited to the issues of prospective child support payments and termination of parental rights, custody, and visitation rights. The male’s previous status as father continues to be in existence until the order granting relief is rendered. All previous lawful actions taken based on reliance on that status are confirmed retroactively but not prospectively. This section shall not be construed to create a cause of action to recover child support that was previously paid.
§ 742.18(5), Fla. Stat. (2011). Mr. Hickman argues that the plain meaning of “prospective child support payments” includes all future payments, regardless of whether such payments are for ongoing support or arrearages. Thus, he contends that the statute absolves a disestablished father of the obligation to pay previously established but unpaid child support ar-rearages. We disagree.
When a statute’s language conveys a clear and definite meaning, the statute is given its plain and obvious meaning. Macoca v. Gov’t Emps. Ins. Co., 953 So.2d 451, 457 (Fla.2006); McKenzie Check Advance of Fla., LLC v. Betts, 928 So.2d 1204, 1208 (Fla.2006). However, when reasonable differences exist as to the meaning or application of a statute, the rules of statutory construction control its interpretation. Childers v. Cape Canaveral Hosp., Inc., 898 So.2d 973, 975 (Fla. 5th DCA 2005). When construing a statute, it must be considered in its entirety and all parts of a statute read together in order to achieve a consistent whole. GTC, Inc. v. Edgar, 967 So.2d 781, 787 (Fla.2007). Here, we conclude there is a reasonable question as to whether “prospective child support payments” include arrearages.
Section 742.18(5) specifically confirms all previous legal actions based on the father’s status prior to disestablishment, and disallows its use to recover previously paid child support. By confirming past lawful actions, the statute, by its plain language, supports the continued efficacy of the previous arrearage order entered by the court. Courts generally hold that money judgments are final, and not prospective, even when they compel future payments of the judgment. Gibbs v. Maxwell House, A Div. of Gen. Foods, 738 F.2d 1153, 1156 (11th Cir.1984) (stating that although party may continue to feel money judgment’s effects, it is not “prospective”). Consequently, even when a money judgment is prospective in the sense that it remains unpaid, such a judgment is nevertheless a final order and not prospective for purposes of relief under section 742.18. Thus, we hold that the relief from prospective child support payments granted by section 742.18 to disestablished fathers does not include relief from arrearages.
Still, Mr. Hickman suggests that the legislature specifically employed language relieving the disestablished father from prospective “payments” as opposed to prospective “obligations,” evidencing the *515 intent that successful application of the statute ceases all prospective payments, including those for arrearages. We again disagree. Section 742.18 indicates the intent to relieve the disestablished father of future obligations, not previously established support, and, despite the statute’s failure to employ that specific term, courts, in dicta, have suggested as much. See Dep’t of Revenue ex rel. Donaldson v. Blocker, 988 So.2d 1292, 1293 (Fla. 2d DCA 2008) (noting “section 742.18 ... allows a male to petition the court for disestablishment of paternity or termination of child support obligations when the male is not the biological father”) (emphasis added).
AFFIRMED.
PALMER and BERGER, JJ., concur.