WARNER, J.
Appellant United Bank timely appeals an order declining to find that it timely filed statements of claims as a creditor in the probate administration of appellee, the Estate of Edward G. Frazee. The Bank attempted to file paper copies of the statements of claims on the last day of the claims period but was informed, after the deadline had passed, that the claims had to be filed electronically. The Bank then e-filed the claims and later moved the court to find that they had been timely filed. The court declined based on Florida Rules of Judicial Administration 2.520 and 2.525, regarding the mandatory nature of electronic filing. We agree that the rules do not require the Clerk of Court to accept paper filings from an attorney, except in very specific circumstances, and affirm.
Under section 738.702(1), Florida Statutes (2012), creditors must file any statements of claim against a decedent’s estate within three months of the first publication of the notice to creditors or within thirty days of being served with it, whichever is later. Any claim not timely filed within that time is barred unless the court grants an extension. § 733.702(3), Fla. Stat. (2012). Extensions may be granted “upon grounds of fraud, estoppel, or insufficient notice of the claims period.” Id.
Edward .G. Frazee died on December 24, 2012. A petition for administration of the estate was filed, and the trial- court admitted the will to probate. A notice to creditors was filed and published for the first time on February 14, 2013. Additionally, on April 11, 2013, the Bank was served a copy of the notice by certified mail. Thus, under section 733.702(1), the Bank’s deadline to file a claim was May 15, 2013.
On May 10th, the Bank’s counsel in West Virginia, who is a member of the Florida Bar, mailed two statements of claims to the Clerk of Court by certified mail.' The Clerk received the claims on May' 14th. On May 23rd, the Clerk apparently notified United Bank’s counsel that the claims had to be filed electronically. That same day, the Bank submitted the claims through the e-filing portal. On June 10th, the Clerk notified the Bank that it had improperly filed the two statements of claims as a single filing. The next day, the Bank refiled the claims separately through the e-portai. On June 22nd, the claims were finally accepted as filed, listing a filing date of May 23rd.
Based on this filing date, the claims were untimely. There.were no circumstances meriting an extension “upon grounds of fraud, estoppel, or insufficient notice of the claims period.” § 733.702(3), Fla. Stat. Unless the court considered the Bank’s claims as having been filed when the Clerk received the paper filing on May 14th, the claims would be barred under the Probate Code.
' Over a year later, the Bank moved the trial court to-find the claims to have been timely filed. It argued that its claims should be considered as having been filed on May 14th, the date they were received by the Clerk, based on Florida Rule of Judicial Administration 2.520(f), which states that “[n]o clerk of court shall refuse to file any document because of noncompliance with this rule.” The Bank argued that this rule clearly and unambiguously states .that the Clerk cannot reject improper paper filings.
The Estate responded, arguing that e-filing became mandatory statewide in Flor *1192 ida on April 1, 2013, thus requiring that the claims be filed electronically. Although Rule 2.525(d) lists exceptions to the e-filing requirement, the Estate maintained that none were applicable. The Estate also argued that Rule 2.520(f) only applies to errors in formatting and other technical rules, as it had in the pre-e-filing version of the rule, not as a loophole allowing parties to circumvent the e-filing requirement.
The trial court held a hearing. After considering the positions of the parties, the court noted that the Bank’s position “would mean that every single lawyer that files a document on the last day that’s paper when they have to know by being a member of the Florida Bar that -it has to be e[f]iled gets a free pass[.]” The court rejected the Bank’s application of Rule 2.520(f). The court also noted that one of the exceptions in Rule 2.525(d) would allow it to accept the document as timely filed where “justice so requires.” Fla. R. Jud. Admin. 2.525(d)(8). However, the court concluded that the failure to file was a result of the negligence and lack of knowledge of the attorney, who is licensed in Florida, despite working in another state, and those excuses did not amount to justice requiring the court to allow the late filing of the claims. It denied the motion, thus striking the claims and prompting this appeal.
The issue presented in this appeal is the proper interpretation of Rule 2.520(f) after the institution of mandatory electronic filing. Where a question involves interpretation of the court’s rules, it is subject to de novo review.' Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 599 (Fla.2006).
After many years of work, courts in Florida completed a well-publicized transition to electronic filing. On April 1, 2013, electronic filing of court documents became mandatory in the civil, probate, small claims, and family law divisions of Florida circuit courts, subject to exceptions in specific circumstances. In re Amendments to Fla. Rules of Civil Procedure, 102 So.3d 451, 461 (Fla.2012). After that date, under Rule 2.520, “[a]ll documents filed in any court shall be filed by electronic transmission in accordance with rule 2.525.” Fla. R. Jud. Admin. 2.520(a).
Rule 2.516(e), “Filing Defined,” explains what constitutes “filing” of a document:
The filing of documents with the court as required by these rules must be made by filing them with the clerk in accordance with rule 2.525, except that the judge may permit documents to be filed with the judge, in which event the judge must note the filing date before him or her on the documents and transmit them to the clerk.
Fla. R. Jud. Admin. 2.516(e) (emphasis added). Rule 2.520(a) defines ■ “documents” to include “pleadings, motions, petitions, memoranda, briefs, notices, exhibits, declarations, ' affidavits, orders, judgments, decrees, writs, opinions, and any paper or writing submitted to a court.” Fla. R. Jud. Admin. 2.520(a).
Thus, a statement of claim (which qualifies as a “document”), even if submitted in paper, is not filed unless it is electronically submitted or falls'within One of the exceptions to electronic filing. When a clerk must accept a paper document under one of the exceptions to electronic filing set forth in Rule 2.525(d), the clerk must “immediately thereafter convert any filed paper document to an electronic document.” Fla. R. Jud. Admin. 2.525(c)(4) (emphasis added). Since “filing” is only accomplished through electronic submission (in the absence of a Rule 2.525 exception), a document is not actually “filed” when improperly submitted to the clerk in paper, *1193 and the clerk’s obligation to convert paper filings would not kick in.
In subsections (b) through (e), Rule 2.520 sets forth.the technical requirements that all documents must meet to be accepted for filing. Fla. R. Jud. Admin. 2.520(b)-(e). These include, for example, requirements regarding type and margin size. Id. These requirements are secondary to the e-filing requirement, as illustrated by Rule 2.520(b),- which sets forth the technical requirements specific to filing in paper. The first sentence specifically says: “Documents subject to the exceptions set forth in rule 2.525(d) shall be; legibly typewritten or printed, on only one side of letter sized ... white recycled paper....” Fla. R. Jud. Admin. 2.520(b). Thus, Rule 2.520(b) contemplates that the only time an attorney can file in paper is when a Rule 2.525(d) exception applies.
Rule 2.520 concludes in subsection (f) by stating that “[n]o, clerk of court shall refuse to file any document because of noncompliance with this rule. However, upon request of the clerk of court, noncomplying documents shall be resubmitted in accordance with this rule.” Fla. R. Jud. Admin. 2.520(f). However, as illustrated by subsection (b), only paper filings that fall under an e-filing exception are subject to Rule 2.520. Thus, subsection (f) would not apply to an unauthorized attempt to make ■a paper filing, such as in the present case. Accordingly, a plain, reading of Rule 2.520(f) limits its application to paper documents that fall within an exception to electronic filing. We find that Rule 2.520(f) is not ambiguous.
This is underlined by the fact that subsection (f) of- Rule 2.520 was originally adopted in 1989 when the courts converted from legal size paper to letter size, and the purpose of it was to require the clerk to accept the larger paper during the transition period. See Fla. R. Jud, Admin. 2.520 note (Court Commentary, 1989 Adoption). As the trial court correctly noted, this rule was not adopted to allow attorneys a “free pass” to file paper documents and require the clerk to convert their paper into electronic filings for them.
Even if we were to conclude that the various provisions of Rule 2,520 render Rule 2.520(f) ambiguous, we, would still agree with,, the trial court’s interpretation. .“[T]he, rules of construction applicable to statutes also apply to the construction of rules.” Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 599 (Fla.2006) (quoting Brown v. State, .715 So.2d 241, 243 (Fla.1998)); “[WJhere reasonable differences arise as to the meaning or application. of a statute, rules of statutory construction control.” Childers v. Cape Canaveral Hosp., Inc., 898 So.2d 973, 975 (Fla. 5th DCA 2005). “A ‘statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to aE of its parts’ and is not to be read in isolation, but in the context of the entire section.” Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So.2d 1260, 1265 (Fla.2008) (quoting Jones v. ETS of New Orleans, Inc., 793 So.2d 912, 914-15 (Fla.2001)).
[I]f a part of a statute appears to have a clear meaning if considered alone but when given that meaning is inconsistent with other parts of the same statute or others in pari materia, the Court will examine the entire act and those in pari materia in order to ascertain the overall legislative intent.
Id. at 1265-66 (emphasis omitted) (quoting Fla. State Racing Comm’n v. McLaughlin, 102 So.2d 574, 575-76 (Fla.1958)). “[I]f from a view of the whole law, or from other laws in pari materia the evident intent is different from the literal import of the terms employed to express it in a particular part of the law, that intent *1194 should prevail....” Childers, 898 So.2d at 975 (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452 (Fla.1992)).
Rule 2.525(d) requires all documents to be filed electronically and sets forth a list of eight exceptions to mandatory e-filing requirement. The Bank’s interpretation of Rule 2.520(f) would essentially add another exception by allowing paper filing for everyone, so long as they later resubmitted the filing electronically. Such a broad exception is inconsistent with the mandatory nature of the e-filing requirement and the limited list of exceptions. When the requirements of Rule 2.520(f) are read in pari materia with the rest of the rules, it is apparent that they do not contemplate that a clerk must accept for filing paper documents other than those within the exceptions of Rule 2.525(d). To allow this would compel the clerk to convert these documents to electronic records, even though the clerk’s duty is limited to converting only those paper documents which fall under exceptions to the electronic filing rule. Thus, we agree with the trial court’s interpretation of the rule.
Additionally, one of the eight exceptions provides for paper filing if the court deems that “justice so requires.” Fla. R. Jud. Admin. 2.525(d)(8). The trial court here concluded that justice did not require it to allow for paper filing where the late filing was the result of negligence or lack of knowledge by a licensed Florida attorney. The Bank does not argue that the trial court abused its discretion on this issue, and we therefore do not consider it.

Affirmed.

CIKLIN, C.J., concurs.
KLINGENSMITH, J., dissents with opinion.